## Thomas Gillespie, Receiver, v. The Illinois Steel Company.

## Morris M. Hirsh and Babette Stein, William D. Stein and Morris M. Hirsh, Executors and Trustees of Solomon Stein, Deceased, v. Same.

1. COURTS—*Do Not Sit to Conduct Private Business.*—Courts do not sit for the purpose of conducting private business about which there is no controversy.

2. RECEIVERS—*Control Over What Property.*—An order appointing a receiver gives him no control over property about which there is no controversy.

3. INTERVENING CREDITORS—*Where the Right Does Not Exist.*—In a matter over which the court has no jurisdiction, except by an agreement between a receiver and a party concerning property about which there is no controversy, and which agreement did not provide that third parties might intervene, the claims of general, mere contract creditors of the corporation for which the receiver was appointed, can not be heard.

**Petition of Intervening Creditors.**—Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed February 11, 1896.

### STATEMENT OF THE CASE.

The question in these cases concerns the title to three rolls such as are used in rolling steel rails.

Early in May, 1893, the appellee ordered these rolls from the Chicago Foundry Company. Two of them were completed on the 22d day of the same month, and the third was completed early in the morning of the 23d of that month. In the meanwhile the Chicago & Kenosha Railway Company had been requested by the foundry company to send a car to the foundry, which it did, and the two rolls were placed upon the car. The third roll was brought alongside the car ready for loading. Shipping instructions were given by the foundry company to the railway company, directing the transportation of the rolls to the Illinois Steel Company,

and the receipt of the railway company was given to the foundry company for all three rolls.

Matters being in this situation, on the morning of the 23d of May, the Chicago Foundry Company and three of its stockholders filed a bill in chancery in the Circuit Court of Cook county against Henry A. Keith, the only remaining stockholder in the corporation. The bill alleged that the assets and liabilities of the plaintiff company were about equal, each amounting to about $60,000; that the company was indebted for labor and other claims in an amount exceeding $5,000; that its operation had been stopped by strikes; that it was unable to meet its debts as they matured; that it had large and profitable contracts which it was unable, under the circumstances, to carry out; and that the board of directors had resolved that the corporation should be wound up.

The court below, as soon as the bill was filed, appointed a receiver, who took possession of all the property of the Chicago Foundry Company. The order appointing the receiver is as follows:

"On motion of plaintiff's solicitor, it is ordered that Thomas Gillespie be, and he hereby is, appointed receiver of the property in controversy herein, upon his giving a receiver's bond in the penal sum of $10,000, with surety to be approved by the court, with all the usual powers of a receiver in chancery."

At the time the receiver was appointed, the foundry company owed the steel company a little over $3,000. The rolls are worth somewhat more than $1,000, and the receiver, when he took possession of the foundry company's property, took possession also of these rolls, canceled the shipping directions which had been given to the railway company, and insisted that the steel company should buy the rolls from him as receiver, and should prove up its claim for existing indebtedness against the estate of the foundry company in his hands.

When the receiver insisted upon his refusal to permit this offset, the steel company agreed with the receiver that it would take the rolls from him and would submit to the

court the question of the offset at issue between the parties. This was done, and the court below has decided that the rolls in question were, at the time the receiver was appointed, the property of the steel company, and that the steel company was entitled to the benefit of the offset claimed.

From this decision two appeals have been prosecuted to this court.

STEIN & PLATT, attorneys for appellants, contended that if a person contracts for a chattel which is not in existence at the time of the contract, though he pays the whole value in advance and the other proceeds to execute the order the buyer acquires no property in the chattel unless it is finished and delivered to him. Mucklow v. Mangles, 1 Taunt. 318; Schreyer v. Kimball Lumber Co., 54 Fed. Rep. 653; Andrews v. Durant, 11 N. Y. 35; Moody v. Brown, 34 Me. 107; Summers v. Wagner, 87 Mich. 272.

The indebtedness existing between the Illinois Steel Company and the Chicago Foundry Company was not sufficient payment to pass title. Cobb, Christy & Co. v. Ill. Central, 88 Ill. 395; Ouilette v. Davis, 69 Miss. 762.

Bills of lading issued for property not yet on board are void. Stone v. W. St. L. & P. Ry. Co., 9 Ill. App. 48; Hutchinson on Carriers, Secs. 122 and 4; Bryans v. Nix, 4 M. & W. 775.

Merchandise placed in a car upon a sidetrack is under the control of the consignor and is no delivery to the railroad company. T. W. & W. Ry. Co. v. Gilvin, 81 Ill. 511; Yoakum v. Dryden, 26 S. W. Rep. 312; Railway Company v. Hodde, 42 Tex. 467.

There was no delivery to the railway company in this case because the car had not been completely loaded and the switchman had not been ordered to draw it out by the Chicago Foundry Company. Summers v. Wagner, 87 Mich. 272; Hutchinson on Carriers, Secs. 82, 94.

E. PARMALEE PRENTICE and WM. DUFF HAYNIE, attorneys for appellee, contended that the Circuit Court had no jurisdiction of the subject-matter of complainant's bill.

The Chicago Foundry Company was organized under the general incorporation act. It could be dissolved in equity only in compliance with Sec. 25 of that act. The bill does not make out a case under that section. Wheeler v. Pullman Iron & Steel Co., 143 Ill. 197.

If the bill did not seek dissolution, but merely the appointment of a receiver to prevent litigation, it was equally beyond the jurisdiction of the Circuit Court. Weigley v. The People, 51 Ill. App. 51; Gilbert v. Block, 51 Ill. App. 516, 521.

If the court had no jurisdiction over the subject-matter of the bill, that jurisdiction can not be conferred by the agreement of the steel company with the receiver. Consent does not confer jurisdiction over subject-matter. Foley v. The People, Beecher's Breese, 57; Leigh v. Mason, 1 Scam. 243; Ginn v. Rogers, 4 Gil. 131; Williams v. Blankenship, 12 Ill. 122; Beesman v. City of Peoria, 16 Ill. 484; Randolph County v. Ralls, 18 Ill. 29; Peak v. The People, 71 Ill. 278; Fleischman v. Walker, 91 Ill. 318; Vogel v. The People, 37 Ill. App. 388.

The title to the rolls in question, at the time the receiver was appointed, was vested in the Illinois Steel Company.

When chattels are clearly designated and appropriated to the contract, ready for immediate delivery, and the terms of sale, including the price, are explicitly given, there is an executed contract, and the title to the property as between the parties passes to the purchasers, even without actual payment or delivery. Rail v. Lumber Co., 50 N. W. Rep. 471; Hatch v. Oil Company, 100 U. S. 124; Kohl v. Lindley, 39 Ill. 198; May v. Tallman, 20 Ill. 443; Hart v. Wing, 44 Ill. 142; Barker v. Livingston Co., 30 Ill. App. 591; 2 Bl. Comm. 248; Chitty on Contracts, 8 Am. Ed. 332; 2 Kent Comm. 492; Dixon v. Yates, 5 B. & A. 313; Benjamin on Sales, Secs. 354–697; Bates v. Elmer Mfg. Co., (N. J.) 14 Atl. Rep. 273.

Delivery, according to the custom obtaining between parties, is a legal delivery; and a delivery to the Chicago and Kenosha Railway in the usual manner, by exchange of receipts, was a delivery of the three rolls to the carrier

for the steel company. Railway Company v. Kolb, 73 Ala. 404; Railroad Company v. Phillips, 60 Ill. 198; Peters v. Elliot, 78 Ill. 328; Railroad Company v. Smyser, 38 Ill. 354.

A delivery to the carrier, of goods consigned to the purchaser, is a delivery to the purchaser, so as to pass title, as against all persons, subject only to the seller's right of stoppage *in transitu.* Tobacco Co. v. Collier, 55 N. W. Rep. 417; Smith v. Edwards, 30 (Mass.) N. E. 1017; Griswold v. Scott, 29 Atl. Rep. 1013; Ward v. Taylor, 56 Ill. 494; Coal & Iron Co. v. Shaw, 46 Ill. App. 604; Pike v. Baker, 53 Ill. 166; Stafford v. Walton, 67 Ill. 86; Kessler v. Smith, 44 Mo. 794; Swanke v. McCarty, 51 N. W. Rep. 92; West v. Humphrey et al., 25 Pac. Rep. 446; Barr v. Borthwick, 25 Pac. Rep. 360; Brechwald v. The People, 21 Ill. App. 213; Frohlick v. Alexander, 36 Ill. App. 433; Meyer Bros. Drug Co. v. Cooper, 50 Mo. App. 18; Greenwood v. Cooper, 10 La. Ann. 796; Kelsey v. Ramsey, 26 Atl. Rep. 907.

The right of stoppage *in transitu,* can only be exercised upon the buyer becoming insolvent. Benjamin on Sales, Sec. 828.

When the carrier accepts the goods, if he permits the loading to be done by the consignor or his servants, the law treats them as agents of the carrier. Schouler's Bailments & Carriers (2d Ed.), Sec. 393; Railroad Company v. Smyser, 38 Ill. 354.

The receiver occupies no better position than the foundry company. Bates v. Elmer Mfg. Co. (N. J.), 14 Atl. Rep. 273.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The bill filed by the Chicago Foundry Co. conferred no jurisdiction upon the Circuit Court to appoint a receiver. Courts do not sit for the purpose of conducting private business, about which there is no controversy. Wheeler v. Pullman Iron & Steel Co., 143 Ill. 197; Weigley v. The People, 51 Ill. App. 51; 155 Ill. 491; Gilbert v. Block, 51 Ill. App. 516–521.

The order appointing the receiver gave him no control

over these rolls, because there was then no controversy as to them. There is no reason for doubting that had the receiver not been appointed, these rolls would, in the ordinary course of business, have been delivered, as was intended, into the actual possession of the steel company.

The receiver, without right, intervened, and prevented a completion of a delivery begun by the foundry company.

Such being the case, by agreement with the receiver, appellee submitted to the court its right to these rolls. The court has found that the steel company is entitled to them.

It does not appear that the foundry company has ever objected to the carrying out of its agreement to deliver these rolls to appellee. The receiver, holding without right or title, has objected. We see no sufficient reason for interfering with the action of the Circuit Court; no injustice has been done by its decision. The receiver is not in a position to complain of it. Stanton v. Andrews, 18 Ill. App. 552; Chicago Trust Co. v. Caldwell, 58 Ill. App. 219.

The other appellants, said to be creditors of the foundry company, have intervened in a matter over which the court had no jurisdiction, save by the agreement made between the receiver and the steel company; that agreement did not provide that third parties might intervene or their claims be heard.

The Circuit Court, in respect to the controversy between the receiver and the steel company, by mere agreement between them, heard and decided that dispute, which was a matter as to which, under the circumstances, the general, mere contract creditors of the foundry company, had neither *jus in rem* or *jus in re*.

The judgment of the Circuit Court is affirmed.