Rockingham,
Jan. 6, 1914.

COMMONWEALTH TRUST CO. *v.* SALEM LIGHT, HEAT & POWER
CO. & a.

Where third parties are admitted to defend against litigation, the procedure
subsequent to the motion for leave to appear is governed as justice requires.

In the absence of fraud or collusion, general creditors of a mortgagor who
have no lien upon the mortgaged property are not entitled to appear
and defend against a proceeding for foreclosure; and their right in this respect
is not increased by the appointment of a receiver who is authorized to sell
the property and hold the proceeds subject to an order of distribution.

The fact that a mortgage of chattels is not executed or recorded as required by
statute is not a defence to its foreclosure, either on the part of the mortgagor,
or his general creditors.

A mortgage of after-acquired property which is not authorized by statute, but
constitutes a valid contract for a common-law pawn, is enforceable in equity
against the pledgor, and cannot be rendered ineffective by his unpreferred
creditors, save by virtue of some bankruptcy or insolvency statute.

A corporation which receives full value for an issue of bonds is estopped to assert
that a mortgage securing the indebtedness is invalid because authorized by
votes of a stockholders' meeting held outside the state of the company's domicile·

BILL IN EQUITY, to foreclose a mortgage given by the defend-
ant to the plaintiff as trustee for certain bondholders. Upon the
filing of the bill, a receiver was appointed who took possession of
the property and sold it under order of the court. Certain unse-
cured creditors of the defendant petitioned for leave to appear,
alleging that the mortgage was fraudulent. Leave was granted, the
facts hereinafter stated were found by a master, and the case was
transferred without a ruling from the January term, 1913, of the
superior court by *Pike*, J.

The defendant is a Maine corporation, and the stockholders'
meeting at which it was voted to execute the mortgage was held in
New Hampshire. All the parties to the issue of the bonds acted
in good faith. The corporation received full value for the bonds
and makes no objection to the foreclosure. The mortgage covers
real and personal estate owned when it was given and after-acquired
personalty. It was recorded in the registry of deeds, but not in
the town clerk's office, and the chattel mortgage oath was not taken.
None of the intervening creditors attached the property or had
any other lien upon it.

*Gaston, Snow & Saltonstall* (of Massachusetts) and *G. K. & B. T. Bartlett* (*Greenleaf K. Bartlett* orally), for the plaintiff.

*Alton F. Tupper* and *L. Wallace Hall* (both of Massachusetts) and *Eastman, Scammon & Gardner* (*Mr. Scammon* orally), for the intervening creditors.

*W. DuBois Pulver*, for the defendant.

PEASLEE, J.   The theory upon which third parties are admitted to defend against litigation is well settled in this jurisdiction. "The procedure, from the time of making the motion for leave to appear to the end, is governed by the court as justice requires." *Martin* v. *Wiggin*, 67 N. H. 196, 197, and cases cited.   The cases cited in behalf of the creditors, to the effect that if they once succeed in securing favorable action upon their motion to appear they can thereafter make any defence which is open to any one, are not authorities here.

This is a proceeding *in rem* against certain property of the Salem Company.   Its original object was to obtain possession of the property and foreclose the plaintiff's claim upon it.   It is not a bill for winding up the corporation, nor for a general sequestration of its assets.   It is important to note these features of the situation at the outset, for much of the argument has gone upon the assumption that the proceeding was of the latter class.   The fact that the property is substantially all that the mortgagor owns does not alter the situation.   The property was taken and is held by the receiver because it was mortgaged, not merely because it was owned by the Salem Company.   From this it follows that authorities for the proposition that in a proceeding to liquidate the assets and make distribution to general creditors, such creditors may appear and make defences, are not in point.

Nor does the fact that a receiver has been appointed increase the rights of general creditors.   The situation is the same, so far as their rights are concerned, as it would be if the mortgagee had taken possession and was merely asking for a decree of foreclosure.

What right have unsecured general creditors of a mortgagor to appear and insist that defences to the mortgage shall be made? So far as has been ascertained, no right of the sort, either legal or equitable, either absolute or permissive in the discretion of the court, has ever been recognized in this state.   In all the cases it has appeared that the creditor had secured a lien upon the property,

as by an attachment. *Hodgdon* v. *Libby*, 69 N. H. 136; *Corning* v. *Records*, 69 N. H. 390.

The only exception to this rule having the support of the author-ities generally is that where it is alleged that the foreclosure is collusive, general creditors should be permitted to defend. *Louisville Trust Co.* v. *Railway*, 174 U. S. 674. If it were assumed that the same rule should apply in cases of fraud in making the mortgage, it would not aid these creditors. While their petition to intervene was based upon such allegations, the facts were found against them. It appears that the mortgage was made in good faith and for a sufficient consideration.

The intervenors have no interest in the property which entitles them to be heard in their own right. But it is urged that they ought equitably to be permitted to make such defences as would be open to the mortgagor. If this be conceded, they are no better off. The fact that a mortgage of chattels is not executed and recorded as required by statute is not a defence to its foreclosure, either on the part of the mortgagor or his assignee in insolvency, who represents the general creditors. *Hodgdon* v. *Libby*, *supra;* *Adams* v. *Lee*, 64 N. H. 421.

The same conclusion must be reached as to the mortgage of after-acquired property. If such a conveyance was not authorized by the statute (Laws 1905, *c.* 111), it was at least a valid contract for a common-law pawn and good between the parties in any event. *Pierce* v. *Emery*, 32 N. H. 484, 506. It is not necessary to consider whether the possession taken by the receiver was that of the bondholders. No rights of third parties in the property have intervened, and the pledgor cannot be heard to deny the validity of its agreement. The denial of the bondholders' title is not made more efficient by the fact it is asserted by third parties who are permitted to use the name of the pledgor. The debtor company made an agreement with its bondholders that certain property which it should from time to time acquire should be held as security for the bonds. The rule that such a transaction cannot be treated as a mortgage "would seem to have been established on the technical ground that a mortgage is a sale upon condition, and by the common law there could be no sale of a thing not *in esse* and not at the time the property of the seller." *Perley*, C. J., in *Pierce* v. *Emery*, *supra*, 505.

But while there can be no sale, there can be a contract for a sale. *Gilman* v. *Hill*, 36 N. H. 311. The debtor, having agreed

that the creditors should have goods acquired in the future as security for its debts, will not be heard to say that the creditors cannot seize and apply the property in accordance with the agreement. If the plaintiff's claim is enforceable only in equity (*Spinney* v. *Meloon*, 74 N. H. 384, 385), its validity and enforceability in such a proceeding seems unquestionable. However it may be as to third parties who take with or without notice of the agreement (*Locke* v. *Brick Co.*, 73 N. H. 492), there seems to be no substantial reason for denying its efficiency as between the parties to it. Jones Chat. Mort., s. 152a. Any method of paying or securing a debt which the parties fairly agree upon is good between them. So in this case, if there never had been any mortgage, but just before this bill was filed the company and one of its creditors had agreed that this property should be taken by the creditor in payment, the creditor had filed a bill for a receiver to get possession for him, and the receiver had been appointed and had taken possession, the other creditors would have been without remedy, save by virtue of some bankruptcy or insolvency statute. It is not unlawful, at common law, for a debtor to prefer one creditor over another. *Osgood* v. *Thorne*, 63 N. H. 375.

Another defence made is that the votes authorizing the mortgage were passed at a stockholders' meeting held outside the state of the corporation's domicile, and therefore the mortgage was not properly authorized. "On equitable principles, the corporation itself may be estopped from denying the validity of its acts done outside the state of its incorporation. There is no apparent reason why the doctrine of estoppel may not be held to apply to such corporate acts, if invalid, as well as to any other, where the corporation receives the benefit of its *ultra vires* contracts." 1 Thomp. Corp., s. 504; *Galveston etc. R. R.* v. *Cowdrey*, 11 Wall. 459. There is every reason why this doctrine should be applied in the present case. The corporation has received the full value promised for its acts and ought not to be permitted to now deny their validity. *Trust Co.* v. *Company*, 70 N. H. 118.

*Decree for the plaintiff.*

All concurred.