### In re ASSOCIATED OIL CO., Inc.

#### Petition of FROMHERZ.

(District Court, E. D. Louisiana. March 26, 1921.)

#### No. 2455.

Bankruptcy ⊚⟹43—Corporation in hands of state receiver cannot become voluntary bankrupt.

After a receiver has been appointed for a corporation by a state court, under authority of the laws of the state, with power to take possession of and hold the property of the corporation, its directors are without power to authorize the filing of a petition in voluntary bankruptcy and the surrender of its property to the bankruptcy court.

In Bankruptcy. In the matter of the Associated Oil Company, Incorporated, bankrupt. On petition of Alvin M. Fromherz, state receiver, to vacate adjudication. Adjudication annulled, and petition in bankruptcy dismissed.

W. McL. Fayssoux, of New Orleans, La., for state court receiver.

Farrar & Woulfe, of New Orleans, La., for receiver in bankruptcy.

FOSTER, District Judge. In this case the facts are these:

A petition was filed in the civil district court for the parish of Orleans by 17 stockholders, holding over 2,700 shares, against the Associated Oil Company, Incorporated, hereinafter referred to as the Oil Company, December 28, 1920, praying for the appointment of a receiver. The petition alleged substantially that the funds of the company were being used to its detriment for the benefit of a corporation known as the Adey Johnson Company, Incorporated, the officers of which were the same as the officers of the Oil Company, and that the Adey Johnson Company was indebted to the Associated Oil Company in an amount exceeding $22,000. Other acts of mismanagement of the officers and directors, amounting to gross negligence, if not fraud, were also alleged.

On this petition a rule nisi issued, and, after answer filed, the civil district court appointed a receiver on March 2, 1921, with "full power to hold, administer, manage, and dispose of the property and income

---

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of said corporation in such manner as the court shall direct." The receiver qualified on March 4, 1921, but has not as yet attempted to take possession of the property of the Oil Company. On the same day, March 4, 1921, the board of directors of the Oil Company adopted a resolution declaring that the affairs of the company were in a precarious state owing to the pendency of the suit for a receiver and directing that schedules in voluntary bankruptcy be filed.

The petition in bankruptcy and schedules were filed on March 7, 1921, and adjudication followed immediately. The schedules show liabilities of $21,936.55 and assets of $142,796. Only one ordinary creditor is shown, the Adey Johnson Company above referred to, in the amount of $17,963.59. At the same time, on petition of the Oil Company suggesting that litigation then pending in Caddo parish, La., necessitated such action, a receiver was appointed in the bankruptcy proceedings. A copy of the resolution above referred to was filed with the petition in bankruptcy, but was not called to the attention of the court, and the fact that a receiver had already been appointed in the state court was not disclosed.

On March 9, 1921, Alvin M. Fromherz, the receiver appointed by the state court, filed a petition in the bankruptcy proceedings, setting out the facts of his appointment and alleging the illegality of the resolution of the board of directors of the Oil Company and subsequent adjudication in bankruptcy and the appointment of the receiver in this court, and praying that the said adjudication and the appointment of the receiver be annulled and set aside. The company and the receiver in bankruptcy joined issue, alleging the absolute nullity of the judgment because of various irregularities in the proceedings in the state court and praying a dismissal of the petition. The case was submitted on the issues thus presented.

The state court undoubtedly had jurisdiction to appoint a receiver on the case presented to it under the law of Louisiana. See section 18 of Act 267 of 1914 and Act 159 of 1898. The irregularities complained of are not sufficient to render the judgment wholly void, and it is elemental that the judgment cannot be collaterally attacked. Had the previous appointment of a receiver been known, no receiver would have been appointed in this court, not only through comity, but also because unnecessary.

The question remains: Could the directors of the company make a surrender in bankruptcy after the appointment of a receiver? It seems to me this question should be answered in the negative. The appointment of a receiver certainly took the custody and control of the assets out of the corporation and its officers, so there was nothing to surrender. It is also the general rule that the appointment of a receiver over a corporation is equivalent to a suspension of its corporate functions and an injunction to its agents and officers from intermeddling with its property. See High on Receivers (4th Ed.) par. 290.

Furthermore, in the exercise of discretion, I think I should decline to interfere with the state court in this matter. To allow the adjudication to stand would undo all that has been accomplished in the state court. The receiver was appointed because of the mismanagement of

the officers. It was alleged and admitted that the officers of the Oil Company and the Adey Johnson Company are the same. That company is the sole ordinary creditor shown on the schedules. Necessarily, if the sworn schedules are true, it would elect the trustee. In that event the custody and control of the assets of the Oil Company would in effect be restored to the very men from whom the state court saw fit to take them. This would enable the officers of the Oil Company to perpetrate a fraud on the state court through the agency of the bankruptcy court, something unthinkable.

The order appointing the receiver herein will be recalled and avoided. The adjudication in bankruptcy will be annulled, and the petition dismissed.