## A. B. LEACH & CO., Inc., v. GRANT.

Circuit Court of Appeals, Sixth Circuit.
July 11, 1928.

No. 4663.

1. Receivers ⬱3—Receiver can be appointed only in aid of pending suit stating cause of action for other relief.

The appointment of a receiver can be made only in aid of some primary object of a pending suit, and an action for appointment of a receiver cannot be maintained where no cause of action or ground for equitable relief is otherwise stated.

2. Receivers ⬱14—In Ohio, as elsewhere, a receiver will not be appointed because of insolvency alone.

In Ohio, as well as elsewhere, a receiver will not be appointed because of insolvency alone.

3. Receivers ⬱82—Receiver's powers are limited by purposes of suit in which he was appointed.

The powers of a receiver are limited by the purposes of the suit in which he was appointed.

**4. Corporations ⊜⇒560(7)—Court had no authority to direct corporation's receiver, appointed solely because of insolvency, to sue to recover bonds issued by corporation in exchange for stock.**

Where sole relief sought in state court suit was appointment of a receiver for corporation on ground that corporation did not have funds to pay its obligations and that, unless a receiver was appointed, it would be subjected to suits and judgments and to sacrificial sales of its assets, court was without authority to direct receiver to bring suit in federal court to recover bonds of corporation which purchaser from corporation had received in exchange for shares of corporation's stock, or for an accounting.

**5. Corporations ⊜⇒560(7)—State court had no authority to direct corporation's receiver, appointed in mortgage foreclosure suit, to sue to recover bonds exchanged by corporation for stock (Gen. Code, Ohio, §§ 11894, 11897, 11945).**

Where mortgage sought to be foreclosed did not cover all of corporate mortgagor's assets, court did not have power to direct receiver, appointed under Gen. Code, Ohio, § 11894, to take charge of any property not ·covered by mortgage, receiver's powers being those defined in section 11897 and not of trustee for benefit of creditors under section 11945, and court therefore did not have power to direct him to bring suit in federal court to recover from corporation's purchaser bonds received by it in exchange for stock or in the alternative for an accounting, in absence of pleading or prayer for relief involving validity of transfer to purchaser.

**6. Marshaling assets and securities ⊜⇒1—Power to marshal liens on mortgaged property did not ·exist in court sua sponte, in foreclosure suit involving only one valid lien.**

Power of court of common pleas of Ohio to marshal liens on mortgaged property and to determine rights of lien claimants among themselves does not exist in court sua sponte in a foreclosure suit, where there is but one lien or mortgage admitted to be valid in the pleading, and where none of claimants thereunder nor any other interested party is contesting the claim of any one else.

Hickenlooper, District Judge, dissenting.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Suit by Hugh W. Grant, receiver of the Struthers Furnace Company, against A. B. Leach & Co., Inc. Decree for plaintiff, and defendant appeals. Decree vacated, and bill dismissed.

Edward R. Johnston, of Chicago, Ill. (Day & Day, of Cleveland, Ohio, and Newman, Poppenhusen,· Stern & Johnston, of Chicago, Ill., on the brief), for appellant.

James P. Wilson and Andrew M. Henderson; both of Youngstown, Ohio (Wilson, Hahn & Wilson, of Youngstown, Ohio, on the brief), for appellee.

Before DENISON and MOORMAN, Circuit Judges, and HICKENLOOPER, District Judge.

MOORMAN, Circuit Judge. The appellant, A. B. Leach & Co., purchased an issue of bonds, of the par value of $1,500,000, from the Struthers Furnace Company on May 15, 1922, for which the Struthers Company accepted in part payment 3,000· shares of its own preferred stock at the agreed price of $85 a share. In January of 1925 Hugh Grant was appointed receiver for the Struthers Company by the common pleas court of Mahoning county, Ohio, and in August of 1925 he brought this suit to recover from Leach `& Co. the bonds which it received in exchange for the 3,000 shares of stock, asking the alternative relief of an accounting if the bonds had been sold or disposed of and could not be ·recovered.

The bill averred that plaintiff was the· duly appointed and qualified receiver "of all the property, goods, assets, choses in action, and of all other kind and character of property of the Struthers Furnace Company," and that the action was brought "by virtue of authority granted him [the plaintiff] by the court so appointing him receiver." In its answer, appellant admitted the appointment of Grant as receiver, but alleged that it had no knowledge or information as to his authority to bring the action. Upon the latter question no issue was made in the evidence. We preferred not to decide it upon a construction of the pleadings, and hence suggested to counsel that they file certified copies of any orders or proceedings had in the common pleas court, where the receiver was appointed, and stipulate that this court might consider such orders or proceedings in determining the question on its merits. This suggestion has been acted upon, and certified copies of all pertinent pleadings and orders have been filed.

There were two suits filed in the Mahoning county court—one by Baldwin, a preferred stockholder, seeking the appointment of a receiver; and the other by the Guardian Savings & Trust Company, trustee under the mortgage, to foreclose the mortgage, and asking in aid thereof the appointment of a receiver. The same receiver was appointed in both cases, and the two causes were consolidated. The sole relief sought in the Baldwin Case was the appointment of a receiver. This was asked on the ground that the com-

pany did not have funds to pay its due obligations, and that, unless a receiver was appointed, it would be subjected to suits and judgments, and to sacrificial sales of its plant and assets. No claim was asserted against any one in the bill, and there was no averment of waste, mismanagement, or any wrongful act on the part of the corporation or directors, or that any of plaintiff's rights as a stockholder had been impaired or injured by any act of the company or its officers. The other suit was a foreclosure suit to sell the mortgaged property and apply the proceeds thereof to the mortgage debt.

[1-3] It is well settled that the appointment of a receiver can be made only in aid of some primary object of a pending suit, and that an action for the appointment of a receiver cannot be maintained where no cause of action or ground for equitable relief is otherwise stated. Gillespie v. Illinois Steel Co., 62 Ill. App. 594; Mann v. German-American Investment Co., 70 Neb. 454, 97 N. W. 600; Murray v. Superior Court of Los Angeles County, 129 Cal. 628, 62 P. 191; Callahan v. Consumers Ice, etc., 7 O. C. D. 349; Valve Co. v. Williams, 28 O. C. D. 338. It is also settled in Ohio, as elsewhere, that a receiver will not be appointed because of insolvency alone. Cincinnati, etc., R. Co. v. Duckworth, 1 O. C. D. 618. And it results, of course, from these rules that the powers of a receiver are limited by the purposes of the suit in which he was appointed.

[4, 5] Under the authorities cited, it might well be argued that the order appointing the receiver in the Baldwin Case was void; but we go no further than to hold that, since there was no object or purpose in that suit that could be served by the bringing of this suit, the court was without authority to direct the receiver to bring it. As respects the other suit, we observe that the mortgage did not cover all assets of the Struthers Company, but the receiver was directed to take charge of all its property, and to receive the rents, earnings, issues, profits, and income therefrom. We do not doubt the authority of the court to appoint a receiver in that case, but we do think that it did not have the power to direct him to take charge of any property not covered by the mortgage. Scott v. Farmers' Loan & Trust Co. (C. C. A.) 69 F. 17. The purpose of the suit was not to dissolve the corporation or wind up its affairs and distribute its assets, but to foreclose a mortgage. The receiver, therefore, whether the company was or was not insolvent, was merely the custodian of the

mortgaged property. He had no such powers as are conferred by law upon trustees to whom assignments are made for the benefit of creditors. Section 11945, Ohio Code. He was appointed under section 11894 of the Civil Code of Ohio, set out in the margin,[1] and his powers were defined in section 11897 of the Code as follows: "Under the control of the court, the receiver may bring and defend actions in his own name, as receiver, take and keep possession of the property, receive rents, collect, compound for, and compromise demands, make transfers, and generally do such acts respecting the property as the court authorizes."

The fact that this statute conferred upon the receiver the right to do such acts respecting the property—that is, property lawfully in his hands, as the court might authorize, did not give him unlimited power, or any power that the court might attempt to but could not lawfully confer. The court could confer upon him authority to do only such acts as were in the scope of its jurisdiction, as limited by the

---

[1] Sec. 11894. *Appointment of Receiver.* A receiver may be appointed by the Supreme Court or a judge thereof, the Court of Appeals, or a judge thereof in his district, the common pleas court or a judge thereof in his district, or the probate court, in causes pending in such courts respectively, in the following cases:

1. In an action by a vendor to vacate a fraudulent purchase of property, or by a creditor to subject property or a fund to his claim, or between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff, or of a party whose right to or interest in the property or fund, or the proceeds thereof, is probable, and when it is shown that the property or fund is in danger of being lost, removed or materially injured;

2. In an action by a mortgagee, for the foreclosure of his mortgage and sale of the mortgaged property, when it appears that the mortgaged property is in danger of being lost, removed or materially injured, or that the condition of the mortgage has not been performed, and the property is probably insufficient to discharge the mortgage debt;

3. After judgment to carry the judgment into effect;

4. After judgment, to dispose of the property according to the judgment, or to preserve it during the pendency of an appeal, or when an execution has been returned unsatisfied and the judgment debtor refuses to apply the property in satisfaction of the judgment;

5. In the cases provided in this title, and by special statutes when a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights;

6. In all other cases in which receivers heretofore have been appointed by the usages of equity.

purposes of the suit in which the appointment was made. The purpose of that suit, as we have said, was to foreclose the mortgage, sell the property, and apply the proceeds to the mortgage debt. It was not claimed in the bill that any of the bonds were invalid or did not constitute liens in the hands of Leach & Co. on the mortgaged property, but it was alleged that the mortgage was a valid mortgage to the full amount of the bonds. Until some showing was made in the pleading or some relief asked touching upon the validity of the transaction with Leach & Co., the court had no authority, we think, to inquire into that matter. This, of course, does not mean that those who suffered from fraud, if there was fraud, perpetrated upon the company in the issue and sale of the bonds, would be without remedy, as, in that case, any injured precedent creditor or preferred stockholder could maintain an action for restitution. Whether such creditor or stockholder would be permitted to intervene for that purpose in the foreclosure suit, and assert so hostile a claim to the objects of that suit, may well be doubted. Commonwealth Trust Co. v. Power Co., 77 N. H. 146, 89 A. 452. That question, however, we do not have to decide, since for our purposes it is enough to say that a court cannot confer on a receiver appointed in a foreclosure proceeding the power to do something not in aid of the purposes of the suit.

In arriving at the conclusion just stated, we have had no occasion to consider whether the order appointing the receiver can be attacked in this case. The question is not whether that order is valid, but whether the receiver had authority, as he alleged, to bring this suit. Nor do we overlook Sayle, Receiver, v. Guarantee Savings & Loan Co., 2 O. C. C. R. (N. S.) 401, affirmed without opinion in 72 O. S. 639. That case is to be considered, we think, in the light of the further rule in Ohio that a court has no authority to appoint a receiver, and therefore no power to confer, except in aid of the objects of a pending cause. When so considered, the decision in the circuit court and its affirmance without opinion in the Supreme Court cannot be regarded as establishing a settled construction by the highest court of the state. The affirmance by the Supreme Court may have been upon some other ground than that on which the action of the circuit court was based.

[6] It is said, however, that the action of the common pleas court was within the powers which it possessed to marshal liens on the mortgaged property, and to determine rights of lien claimants among themselves. That power, it may be admitted, exists in a proper action where one lien claimant is asserting a right or preference against another, or is seeking to have the claim of another adjudged invalid; but in our opinion it does not exist in the court sua sponte in a foreclosure suit, where there is but one lien or mortgage, admitted to be valid in the pleadings, and where none of the claimants thereunder nor any other interested party is contesting the claim of any one else. The trustee did not claim that any of the bonds were fraudulently issued to appellant, or that any of them were invalid or did not constitute a lien in the hands of Leach & Co. or its assignee on the mortgaged property. No bondholder, creditor, or stockholder has asserted any such claim, and none of them may ever do so; and yet the court, whose jurisdiction was invoked solely to foreclose the mortgage, went beyond that purpose and directed its receiver to institute a suit in another jurisdiction to cancel certain of the mortgage bonds or to recover, in behalf of creditors and stockholders (presumably the mortgaged property would satisfy in full the mortgage debt) a judgment against the holders of such bonds. It might be argued that the order was invalid because of the rule forbidding a receiver not vested with the title to the receivership property to bring such a suit in a foreign jurisdiction. Great Western Min. & Manufacturing Co. v. Harris, 198 U. S. 561, 25 S. Ct. 770, 49 L. Ed. 1163; Sterrett v. Bank of Cincinnati, 248 U. S. 73, 39 S. Ct. 27, 63 L. Ed. 135. But we do not go into that question, as we think it was beyond the power of the court, as otherwise limited, to make such authorization.

It follows that the decree must be vacated and the bill dismissed.

HICKENLOOPER, District Judge, dissents.