## STRUTHERS FURNACE CO. v. GRANT.

Circuit Court of Appeals, Sixth Circuit.
February 15, 1929.

No. 5055.

Louis J. Kane, of Cleveland, Ohio, for appellant.

A. M. Henderson, of Youngstown, Ohio, for appellee.

Before DENISON, MACK, and MOORMAN, Circuit Judges.

MACK, Circuit Judge. Appeal from an order vacating the adjudication and dismissing the voluntary petition in bankruptcy. The order was entered upon the following stipulated facts:

On January 20, 1925, the state court appointed appellee as receiver in two consolidated suits, one to foreclose a mortgage on appellant's realty and blast furnace equipment, the other a preferred stockholder's proceeding solely, so far as the stipulation shows, for the appointment of a receiver for appellant. The latter suit "was precipitated, not only by the plaintiff therein, Louis S. Baldwin, but by W. C. Runyon, president of the company, A. B. Stough, Jules Richards, and Robert Runyon, who were directors of the company at the time."

The receiver, since his appointment, has had possession and management of the corporate property, "and all of the directors, except A. Grossman, who precipitated passage of the resolution authorizing the officers to file the petition in bankruptcy herein have dealt, either directly or indirectly, with the receiver, individually and collectively, with reference to the administration of the affairs of the receivership." One of the corporate assets was a chose in action against W. C. Runyon, in compromise of which the receiver took cash and a mortgage. Runyon has several times sought concessions for the satisfaction of this mortgage.

The voluntary petition in bankruptcy was filed April 18, 1927, by A. Grossman, pursuant to a resolution of the board of directors, authorizing such action on the ground that "said receiver has been uanble to operate the business of the corporation profitably * * * the aggregate indebtedness of the corporation having increased, and * * * it is to the best interests of the corporation that its affairs be liquidated as speedily as possible." No complaint against the administration by the receiver had been made in the state court. An order of adjudication was entered immediately after the filing of the petition; the state court receiver moved to vacate it. This motion was granted on April 23d for the reason, as stated by the District Judge,[1] that "it would be a vain

---

[1] Journal entry only. No opinion was filed.

thing to continue the bankruptcy proceedings herein on the adjudication heretofore entered in this cause and that the parties applying for such adjudication have estopped themselves from so doing by the commencement of the proceedings in which the aforesaid state receiver was so appointed and has been so acting."

██ The question before us on this appeal is not as to the rights of the respective parties in the corporate property in case the adjudication in bankruptcy is deemed proper, but solely as to the validity of the adjudication. The Bankruptcy Act, in section 4a (11 USCA § 22), provides: "Any person, except a municipal, railroad, insurance, or banking corporation, shall be entitled to the benefits of this act as a voluntary bankrupt." Appellee contends that this broad language must· be limited so as to exclude corporations instituting bankruptcy proceedings for the purpose of ending state court receiverships to which they have voluntarily submitted.

It is clear that the mere existence of an equity receivership does not preclude directors from assisting others in procuring an adjudication in involuntary bankruptcy, even though the state court has had control of the property for more than four months and has issued the usual injunction against interference. In re Yaryan Naval Stores Co., 214 F. 563 (C. C. A. 6). See, also, In re Moench & Sons Co. (C. C. A.) 130 F. 685 (less than four months). And the pendency of a receivership does not ordinarily prevent the filing of a voluntary petition. In re American & British Mfg. Co. (D. C.) 300 F. 839; In re Grafton Gas & Electric Light Co. (D. C.) 253 F. 668. See In re Drake Motor & Tire Mfg. Co. (D. C.) 16 F.(2d) 142. The statements to the contrary in In re Associated Oil Co. (D. C.) 271 F. 788, followed in In re Hammond Motors Co. (D. C.) 13 F. (2d) 901, have been properly criticized in other circuits.

While appellee in his brief asserts that the filing of the bankruptcy petition was part of a scheme to escape the state court receiver's vigorous assertion of the corporate chose in action against Runyon, the president, this is neither explicitly stated in nor inferable from the stipulated facts. The only proper inference therefrom is that of an endeavor to supplant control of the state court by that of the federal court.

██ An adjudication pursuant to a voluntary petition in bankruptcy may be vacated for fraud. Zeitinger v. Hargadine-McKittrick Dry Goods Co. (C. C. A.) 244 F. 719; In re Associated Oil Co., supra. But merely endeavoring to substitute federal for state control does not constitute fraud. In re Dressler Producing Corp. (C. C. A.) 262 F. 257; In re Beaver Cotton Mills (D. C.) 275 F. 498.

██ It is, however, urged that here the directors were estopped from authorizing the petition, because they had joined in "precipitating" the equity receivership. In support of this contention is cited Ohio Motor Car Co. v. Eiseman Magneto Co., 230 F. 370 (C. C. A. 6). That case, however, decides only that creditors who have enjoyed the benefits of a complete distribution of corporate property under a receivership may be estopped from filing a petition in bankruptcy against the corporation. It does not follow that the corporation itself is estopped from filing a voluntary petition. Indeed, in the interest of equality of distribution between creditors, or to prevent secured creditors from proving for their entire claim instead of only for the excess over the value of the securities, or to avoid what in bankruptcy would be preferences, it may well be the duty of a corporation to file a petition in bankruptcy, despite its prior consent to an equity receivership, or even for the equity court to direct the board of directors so to act.

Furthermore, in this case, the stipulation does not state that the bill in either of the state court suits prayed for a distribution of the assets; it states only that the receiver intends to make a distribution if ordered by the state court. Before it could be contended that appellant or its officers were estopped by having joined in the receivership proceedings, even if any doctrine of estoppel were applicable, it would have to be clearly shown that the bills justified a distribution. In this respect, the proof is defective; it is therefore unnecessary to stress the affirmative showing to the contrary deducible from the incontrovertible facts in connection with this receivership stated in A. B. Leach & Co., Inc., v. Grant, 27 F.(2d) 201 (C. C. A. 6).

Order of vacation and dismissal reversed.