## WILLIAM BIGGS *v.* D'AQUIN BROTHERS.

As between the principal in a sequestration bond and the party whose property has been sequestered, the obligation may be enforced beyond the penalty expressed in the instrument.

When the bond is set forth in the plaintiff's petition, the action for damages will be considered as one *ex contractu* and not barred by the prescription of one year, although damages are demanded in the petition to a larger amount than the penalty expressed in the bond.

When the process of the court is used in good faith damages should not be allowed beyond the actual amount sustained by the party against whom it was used.

Where the defendant whose steamboat had been seized for an inconsiderable debt could easily have released it by giving bond, he should not be permitted to tax the party causing the seizure with damages for the delay of his boat in port, under the pretence that it was under seizure—*volenti non fit injuria.*

APPEAL from the Fourth District Court of New Orleans, *Reynolds,* J. *Mott & Fraser,* for plaintiff and appellant. *A. & A. Pitot,* for defendants.

MERRICK, C. J.   The defendants, on the 22d day of July, 1850, sequestered the steamboat General Worth to secure a claim of $344 18 for supplies. They gave bond in the sum of $600. The same day *Weber & Co.* sequestered the boat for a wood bill of $72. Their sequestration was previous to defendants'.

On the 29th day of July *Hendricks et als.* sequestered the boat and instituted an action to recover the same as owners. Some time in August the plaintiffs' attorney in the case of *Hendricks et als.* instructed the Sheriff to release the seizure in that case, and the plaintiff having bonded the boat in the suit of the defendants, it was released on the fifth day of September, 1850. In all these suits there was judgment in favor of *William Biggs.*

This suit is brought to recover $3000 damages for the wrongful suing out of the writ of sequestration by which plaintiff alleges he was deprived of the use of his boat and the profits he would have made during the period the boat was under sequestration.

The defence to the action relied on by defendants' counsel is the plea of the prescription of one year, and the fact that the plaintiff could have given bond and released the boat had it not been for the suit of *Hendricks,* and that the damages complained of cannot be considered even as the remote consequences of defendants' act.

On the first of these grounds we remark that the bond is expressly set forth in plaintiffs' petition and may fairly be considered as the foundation of the action unless the fact that the plaintiff has claimed $3000 damages instead of $600 (the sum mentioned in the bond) precludes us from so considering the demand. Probably the surety in a sequestration bond could not be held for a sum larger than that mentioned in the bond, but as between the principals and the party whose property has been sequestered we see no reason why they should not be bound beyond the penalty expressed in the instrument. In order to obtain the writ of sequestration the plaintiff must execute his obligation in such sum as the court shall determine with the surety of one good and solvent person, residing within the jurisdiction of the court, to be responsible for such sum as the defendant may sustain in case the sequestration should be wrongfully obtained. C. P., 276. The writ is therefore delivered to the party upon his *contract* to be responsible for the damages which the act may occasion.

BIGGS
v.
D'AQUIN.

The sum fixed in the bond is not the measure of damages as against the plaintiff in the sequestration, for if defendant does not suffer damage to that amount he cannot recover the whole penalty, and if he has suffered more, it in like manner ought to be considered as covered by the principal obligation of the party, although not by the penal sum mentioned in the bond. C. C., 2113, 2114, 2115, 2120. We think therefore the suit is brought upon the principal obligation of the bond; the contract on which the writ was delivered to defendant and the action being *ex contractu*, it is not barred by the prescription of one year.

The testimony shows that plaintiff was able to release his property from *defendants'* sequestration by giving bond, and that he did so release it after the property was freed from *Hendricks'* seizure. He has recovered three hundred and fifty dollars from *Hendricks et als.* for their illegal seizure in their case, and we think one hundred dollars all that plaintiff is entitled to recover in this. Where the process of the court is used in good faith we do not think a party should be bound beyond the actual damage which the other party has sustained. And where a defendant can without trouble in such case release himself from the effects of a seizure upon his steamboat (which has been seized for an inconsiderable debt) by giving bond and refuses to do so, he should not be permitted to tax the party (whose only remedy may be a process against the boat) with any unnecessary delay of his boat in port, under the pretence that it was under seizure. In such case *volenti non fit injuria*.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed, and that the plaintiff recover judgment against the defendants *in solido* for the sum of one hundred dollars and five per cent. interest thereon from the judicial demand, and costs of both courts.