No. 6361.

DAVID R. FOX VS. C. V. THIBAULT ET AL.

The Recorder of Mortgages is responsible for the amount loaned on mortgage, on the faith of his Certificate that the property mortgaged was free of previous encumbrances, when, in point of fact, the said property was mortgaged for more than its value, and the money loaned is thereby lost to the lender.

Such an action against the Recorder of Mortgages is on his official bond and, therefore, *ex contractu*, and not prescribed by one year.

APPEAL from the Second Judicial District Court, parish of Plaquemines.   *Pardee*, J.

*E. Howard McCaleb* for Plaintiff and Appellee.

*A. & M. E. Livaudais* for Defendants and Appellants.

The opinion of the Court was delivered by

FENNER, J.   Plaintiff loaned to Seth Trufant $3000 upon the latter's note, secured by mortgage on his interest in a certain plantation in the parish of Plaquemines.   Trufant exhibited to him, at the time, a certificate of the defendant, Thibault, then recorder of the parish, reciting the mortgages extant against the property.   Subsequently, the holder of an anterior mortgage on the plantation, not recited in the foregoing certificate, seized the plantation and caused it to be sold, and it was then discovered by plaintiff that there existed on the property mortgages anterior to his own, and duly recorded, to the extent of nearly forty thousand dollars, which had been entirely omitted from the certificate of mortgages, upon the faith of which he had accepted the mortgage security offered by Trufant on which he loaned his money.

He brings this action upon the official bond of Thibault, setting forth the foregoing facts; averring that Trufant was insolvent and without

any other estate; that his loan was made upon the faith of the mortgage security; that, but for the false and imperfect mortgage certificate, he would not have parted with his money; that he has lost his money through the defendant's breach of his official duty, and is thereby damaged to the full amount thereof; and tendering to defendant the unpaid note of Trufant, he prays for judgment against Thibault and his sureties for the amount of his loan and interest. The judgment of the court below condemned Thibault to pay the said damages, but discharged the sureties, against whom no appeal is taken, upon a defense personal to them, and with which we have no concern.

The condition of the bond sued on is that the principal shall, "well and faithfully perform all the duties imposed by law upon him."

Amongst the duties specially imposed by law on Recorders, is the duty of delivering to all persons who demand them, certificates of recorded mortgages and privileges; and the law makes them answerable for injury resulting from their omission to mention in their certificates any such acts existing on their registers.

Rev. C. C. 3393, 3394.

The defenses urged by the defendant are the following, viz:

1st. The prescription of one year, based on the hypothesis the action is one for damages resulting from a quasi offense.

We are not concerned here with the question as to whether defendant's breach of duty was, or not, technically a quasi offense. The action is on a bond, and therefore, *ex contractu*, to which the prescription invoked is not applicable.

Brigham vs. Bussey, 26 A. 676.

2d. Defendant urges that plaintiff cannot recover, for three reasons, which rest on the same principle, and may be considered together, viz: (1) that he did not demand and enforce payment of the note against Trufant at its maturity; (2) that he has not established that Trufant was insolvent at the date when the note matured; (3) that he cannot now subrogate defendant to his rights against Trufant, as they existed at the maturity of the note.

The answer to all this is, that plaintiff did not discover the falsity of the mortgage certificate, on the faith of which he loaned his money, until a considerable time after the maturity of the note. After this discovery, with sufficient promptness, he brought the present suit; and he proves that, at that time, Trufant was insolvent, had no property or means, and that it would then be useless to sue him; and he tendered Trufant's note, which was negotiable by delivery, to defendant. This is all that could be required of him. So long as he was ignorant of defendant's breach of duty, of the damages accruing to him therefrom, and of his consequent claim on defendant for reparation, he owed no

3

duty whatever to defendant; was entitled to indulge his debtor as he pleased; and, the note being intact and unpaid in whole or in part, defendant could claim nothing but subrogation to his rights as they existed at the date of the discovery.

. Other defenses were set up in the court á quá, but they are without merit, and are not even urged in the argument here.

We are satisfied plaintiff would not have parted with his money to Trufant had the mortgage certificate recited the omitted mortgages, and thus revealed the utter and hopeless worthlessness of the security offered. His money, thus parted with, is absolutely and completely lost; and its amount, with legal interest thereon, is the clear and certain measure of his damages, which he is entitled to recover.

· Such was the view of the District Judge.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be affirmed at appellant's cost.

Levy, J., absent.