Statement of the Case.
NICHOLLS, J.
This action is brought upon a petition which declares it to be “that of Anatole St. Geme for himself, and for the use and benefit of Albert Foureade [to the amount of one-third of the sum sued for] and of said Anatole Foureade.”
The petition recites “that Frank Boimare, who resides in New Orleans, owes petitioner $2,229.08, and Frank Adolph, who resides in New Orleans, owes petitioner $1,000 thereof, because previous to 30th of September, 1903, petitioner, Anatole St. Geme, and Ftank Boimare, had been in partnership in carrying on a successful poolroom business at No. 27 Royal street, in the city, and Albert Fourcade had acquired a one-fourth interest therein. The assets consisted of:
Cash on deposit in the New Orleans
National Bank.................. $6,143 10
Cash for current expenses.......... 1,226 65
Fixtures worth................... 300 00
$7,669 75
When, on 1st of October, 1903, the firm having expired, petitioner, Anatole St. Geme, offered immediately to pay him his share of the cash and a fair price for his share of the fixtures, and Boimare unjustly demanded $1,000 for his one-fourth share of the fixtures, which had cost and were worth $300, and without parley he, ‘illegally and without just cause, made oath that he feared petitioner,’ Anatole St. Geme, ‘will conceal, part, or dispose of the partnership property, or convert the same to his own use, or make improper use thereof,’ when he well knew that it was not true, and he had no reason to believe such thing, he then and there gave and filed in this court a bond signed by himself, as principal, and F. J. Adolph, as surety, in the sum of $1,000, in favor of the clerk of the civil district court. The condition of the above obligation was that the principal and surety will well and truly pay to said clerk or his successors in office, for the benefit of any and all persons interested in said suit, all such damages as may be recovered against them, in case it should be decided that the said writ was wrongfully obtained, and thereupon he caused to be issued from this court a writ of sequestration, and caused the civil sheriff to seize and take into his possession under said writ all of the said money and partnership property, and keep and hold the whole amount thereof, from 1st of October, 1903, until the 31st of January, 1905, one year and four months, when the said Frank Boimare had a right to only one-fourth thereof, which he could have had at any time.
*235 “The district court erroneously maintained said sequestration; but, on appeal, the Supreme Court of Louisiana reversed him, and decided that Prank Boimare had wrongfully obtained said writ of sequestration, which decision became final on the 31st of January, 1905, when by direction of Boimare’s attorney the sheriff paid to petitioner’s attorney $5,527.32, being three-fourths cash in his hands. Prank Boimare refused to allow petitioners to use the fixtures in the place, and, if sold there and then, would have brought $300 or more, but he removed them to the sheriff’s warehouse, where they were sold for $61, entailing a loss of $239, in which petitioner’s share is three-fourths, say $179.-25. They were by his sequestration and removal of the fixtures, in order to diminish the damages resulting from the said sequestration as much as possible, obliged to refit the place of business at a cost and expense of $637.10. They were obliged thereby to stop business for one day, and they lost thereby $64-1.25. And they were obliged to employ an attorney at law to dissolve and set aside the sequestration, to whom they paid for said service $400 (which was a reasonable fee). And they lost 5 per cent, interest for one year and four months on $5,527.32, $368.48. Total, $2,229.08, in Which amount petitioners have been damaged by the wrongful issuance and execution of the writ of sequestration on 1st October, 1903, finally decided to have been wrongfully issued on 31st January, 1905.”
The prayer of the petitioners was “that Prank Boimare and Prank Adolph be cited and petitioner have judgment one-third thereof for the use and benefit of Albert Pourcade, and two-thirds thereof for Anatole St. Geme, against Prank Boimare and Prank J. Adolph in Solido in the sum of $1,000 on the sequestration bond, with 5 per cent interest from 31st January, 11905, and against Prank Boimare in the further sum of $1,229. aS, with 5 per cent, interest from 31st January, 1905, and for costs and for general relief.”
Prank Boimare, one of the defendants, excepted to the petition on the following grounds, to wit:
First. That said petition disclosed no cause of action.
Second. That there was a misjoinder of parties plaintiff.
Third. That the petition was too vague and indefinite to enable this respondent to answer safely thereto.
Fourth. The plaintiffs’ claims, if any they had, which was denied, were prescribed by the prescription of one year, which is specially pleaded against them.
He prayed that the exception be maintained and the suit dismissed.
The district court rendered judgment, declaring that considering the law it, for the reasons assigned, orally ordered, adjudged and decreed that the exceptions be maintained, and accordingly that plaintiffs’ demand be rejected at their costs.
The two plaintiffs applied for and obtained an appeal on their allegation that they were prejudiced by the final judgment rendered, maintaining the plea of prescription and dismissing that suit
Opinion.
The defendant refers the court to Poydras v. Patin, 5 La. 327; Brown v. Gunning’s Curatrix, 19 La. 462; Ballew v. Andreus’ Ex’r, 10 La. 219; Edwards v. Turner, 6 Rob. 384; Fox v. Thibault, 33 La. Ann. 32.
This ease is a sequel of that of Boimare v. St. Geme, 113 La. 830, 898, 37 South. 770, 869. It appears from the reported case that Boimare sued for the settlement of a partnership between himself and St. Geme, and prayed in that connection for a writ of sequestration, which was granted and the property of the partnership was taken possession of under the writ. One Albert Poureade intervened and claimed an interest as partner.
*237 In the judgment rendered by the Supreme Court on appeal, the portion of the judgment which had dismissed the intervention of Pourcade, wherein he claimed to be one of the partners, was affirmed, but the court ordered the sheriff to pay him one-half of what was decreed to St. Geme by reason of a contract which had been made between himself and St. Geme. The Supreme Court dissolved the sequestration which had issued at Boimare’s instance.
Referring to Pourcade’s claim to be a partner in the concern, this court said that “he failed to make proof of that fact; that he only succeeded in proving that by an agreement he was dividing the profits with St. Geme. If he was the partner of Boimare’s partner, he was not partner in the firm.” This court ordered the sheriff to pay out to each partner his proportion of the cash and to Pourcade the’ proportion to which he was entitled therein.
The district court assigned no reason in the present ease for its ruling. It is urged in appellee’s brief that Pourcade was improperly joined with St. Geme as a eoplaintiff, because it was adjudged by the Supreme Court that he was not a partner of the firm of St. Geme & Boimare and his intervention had been dismissed. It may be true that it was not essentially necessary that Pourcade should be made a party, as St. Geme brought this suit not only for himself, but for the use and benefit of Pourcade, but the latter, though not a partner, had an interest in the subject-matter of the litigation, and was concerned in the matter of the damages resulting from the sequestration. As the law now stands, the sequestration bond is made in favor of the clerk, and the bond given inured to the benefit of Pourcade as well as St. Geme. He had the right to be a party plaintiff if he deemed it to his interest to be joined. Were it otherwise, that fact would not warrant the dismissal of the suit, as was done. Defendant urges that when he filed his exceptions Adolph, the surety on the sequestration bond, had not yet been cited, and that as matters then stood the demand as against Boimare should be passed upon and considered separately and apart from the demand against Adolph, the surety oh the bond, and as an action ex dqlicto, but wé do not think that defendant could so deal with the case by rapidly filing exceptions before Adolph could be made a party. Besides this, we are by no means prepared to recognize that the demand as against Boimare himself was an action ex delicto. The latter was a partner with St. Geme, and the property which was sequestered was partnership property, in which both partners had rights and interest. He was legally entitled to invoke the aid of the court in protecting his rights when he conceived them to be in jeopardy on expressing his willingness and readiness to comply with the requirements of the statute as a condition precedent to obtaining such aid. He did so comply, and in so doing effectually withdrew his action from having attached to it the character of a tort or offense or quasi offense. We do not think that he is in a position to himself set up that he acted against the law.
The fact that his ultimate responsibility in the premises as to the amount of damages may exceed the amount fixed in the bond does not change the character of his act and its legal consequences. The question as to whether he was in fact responsible for his acts, and to what extent, was postponed until the legal questions involved could be ascertained and passed upon. 25 La. Ann. 307, Rogay v. Juilliard.
It is claimed that Act 1880, No. 50, p. 84, giving the defendant in a proceeding In which a sequestration is taken out the right to obtain damages, through a reconventional demand set up by himself, placed matters in such a situation as to afford St. Geme no excuse for postponing setting up his claims in a separate suit. The statute in *239 question is permissive in character, and not mandatory. The law does not attach as a penalty or consequence of the failure by a defendant to ■ invoke the remedy afforded by it that he should be cut off from setting up his legal rights in a different form and at a different time.
We are of the opinion that the judgment sustaining the exceptions filed by the defendant and dismissing the suit is erroneous.
It is therefore ordered, adjudged, and decreed that the same may be, and it is hereby, annulled, avoided, and reversed, and the cause ordered to be reinstated on the docket of the district court for further proceedings according to law.