(92 South. 733)

No. 24428.

## REYNAUD v. UNCLE SAM PLANTING & MFG. CO.

(June 30, 1922.)

*(Syllabus by Editorial Staff.)*

**Receivers** ⬉96—Receiver of plantation company held authorized to secure assistance of veterinary other than one employed by corporation.

Though a plantation company had a contract with a veterinary surgeon to treat its live stock when a receiver was appointed, where he had never attended a veterinary college and the mules on the plantation had not been doing well and other medical attention was necessary, the receiver properly employed other veterinary surgeons.

O'Niell, J., dissenting in part.

Appeal from Twenty-Seventh Judicial District Court, Parish of St. James; P. H. Gilbert, Judge.

Suit by Firmin Reynaud against the Uncle Sam Planting & Manufacturing Company. From a judgment on opposition to the receiver's second quarterly account, the opponents appeal. Amended and affirmed.

See, also, ante, p. 50, 92 South. 731.

Charles Louque, of New Orleans, and Howell, Wortham & Le Bourgeois, of Convent, for appellants.

Guion & Lambremont and Dart, Kernan & Dart, all of New Orleans, for appellee Roussel, receiver.

By the WHOLE COURT.

OVERTON, J. This appeal presents for determination the correctness of the judgment of the lower court, in so far as it rejects the opposition of defendant, of Jules J. Jacob, Jr., Miss Marie Jacob, and Mrs. Edith Jacob Jumonville, to the second quarterly account of Christophe Roussel, receiver for defendant; and also the correctness of that judgment in so far as it maintains the opposition to one item of the account, the appellee having prayed that the judgment be amended in the latter respect.

Among the items opposed are those for the receiver's salary and for his traveling expenses for the quarterly period covered by this account. The lower court allowed the salary for that quarterly period for the full amount for which the receiver placed himself on the account, and allowed the item for traveling expenses in part. The receiver has prayed that the judgment of the lower court be amended by allowing him all of the traveling expense claimed. For the reasons assigned in suit of Firmin Reynaud v. Uncle Sam Planting & Manufacturing Co. (No. 24,-332 of the docket of this court, and this day decided) 92 South. 731,[1] we find it necessary to dismiss these items, as in case of nonsuit.

The opponents also opposed an item for $198.50, in favor of Dr. Upton, for services performed, in behalf of the receivership, as veterinary surgeon; and also one in favor of Dr. Vulliamy amounting to $39.50, of which the sum of $25 is for his services, and the balance for medicines furnished; and also an item in favor of Malarcher-Damare Company, Limited, for a balance due on merchandise amounting to $424.65. The fees of the veterinary surgeons are opposed on the ground that at the time the receiver was appointed, the Uncle Sam Planting & Manufacturing Company had a contract with a veterinary surgeon, by the year, to treat the live stock on the plantations, which was in force at the time the services above mentioned were rendered. The evidence, however, shows that the veterinarian, the corporation had employed, had never attended a veterinary college; that the mules on the plantations were not and had not been doing well; and that other medical attention was necessary.

Accordingly, Dr. Upton, who was a gradu-

---

[1] Ante, p. 50.

ate of a veterinary college, was employed to treat the mules. He found them suffering from intestinal parasitism, and treated them successfully. Later, as Dr. Upton had left that section of the state, Dr. Vulliamy, a graduate of a veterinary college, was employed to treat the stock on the plantations, at a salary of $25 a month.

The evidence shows that the above bills are due. It was the duty of the receiver to care for the stock, and his action, in securing other medical assistance, under the circumstances, is approved. The evidence also establishes the correctness of the merchandise bill due Malarcher-Damare Company, Limited, and the lower court, therefore, properly allowed that item, also.

The only remaining item, to be disposed of, is that for the fees of the attorneys for the receiver, for the quarterly period covered by the account. They amount to $625, and have been allowed by the lower court. It seems that there was a verbal understanding between the trial judge and counsel that they should receive $2,500 a year, which, for the year 1920, was to date from the appointment of the receiver. While we do not regard a verbal understanding between a trial judge and counsel for the receiver, as to attorney's fees, binding upon the receivership, or upon any one at interest, yet in our view, while counsel for opponents take a contrary position, the evidence fully justifies the allowance of the item. The evidence of the leading member of the firm, representing the receiver, is to the effect that the services performed for the second quarterly period are worth $625. The size and value of the estate under administration, the importance of the legal questions naturally arising in such a receivership, all indicate the reasonableness of the fee charged.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be amended by dismissing as of nonsuit said items for the compensation of the receiver and for his traveling expenses, that they may be presented in the final account of the receiver's administration; and, as thus amended, that it be affirmed, appellee to pay the costs of appeal.

O'NIELL, J., is of the opinion that the judgment should be affirmed without amendment.

ST. PAUL, J., concurs in the decree.

LECHE, J., takes no part.