OVERTON, J.
Christophe Roussel has filed his first quarterly account as receiver of the Uncle Sam Planting & Manufacturing Company. To this account, Jules J. Jacob, Jr., Miss Marie Jacob, and Mrs. Edith Jacob Jumonville, who are stockholders, and the defendant, the Uncle Sam Planting & Manufacturing Company, have filed an opposition, opposing various items appearing thereon. Judgment was rendered homologating the account in so far as it was not opposed. When the items of the account which were put at issue, by the opposition mentioned, were brought to trial, the receiver in effect dismissed, as of non-suit, those styled “D,” “E,” “G,” “H,” “I,” “J,” “M,” “N,” “K,” “L,” and “O” of item No. 10, and the opponents withdrew their opposition to the items for taking the inventory of the effects of the corporation and for appraisers’ fees. They also withdrew their opposition to the fees of the attorneys for the receiver, after those attorneys had reduced them, for the quarterly period covered by the account, to make them correspond to their understanding of the evidence of the district judge, as to the amount they should receive. The abandonment of the items mentioned, and the withdrawal of opposition to those stated, leave in contest three items, one of which is for the auditing of the books of the corporation, another for the traveling expenses of the receiver, and the third for the receiver’s compensation for the quarterly period covered by the account.
A suspensive appeal was taken from the judgment of the trial court placing the corporation in the hands of a receiver. The three items still in contest are opposed, in part, on the ground that such an appeal having been taken, none, save administrative actb necessary for the preservation of the property, could be legally performed, pending that appeal;- that the items now in contest are not charges and expenditures for such acts; and hence would be proper, if otherwise correct, only in the event that the receivership could have been legally conducted as a going concern, during the pendency of the suspensive appeal.
Section 4 of Act No. 159 of 1898 provides that a suspensive appeal may be taken from a judgment appointing a receiver. The effect of such an appeal, as provided by section 4, is to suspend the functions of that official, except such functions as may be necessary to preserve the property of the corporation.
At the time the receivership was ordered *53 and the appeal taken, the Uncle Sam Plantation, owned by defendant, had been planted to cane. On St. Michael’s Plantation, which was under lease by the corporation, the land had received its first plowing, preparatory to the planting of rice.
The receiver could not permit the planted cane to go to waste, and become a loss, nor lose the benefits of the preparatory work done on St. Michael’s. In order to reap the benefits expected to be derived from the crop that had been planted, and from the work already done on St. Michael’s, there was nothing else for him to do but to continue the work begun, and carry it to completion, otherwise it .would have been a total loss. This, the receiver did, subject to the orders of the court that appointed him, and in doing so he acted properly, and not in violation of the statute, above cited, regulating the effects of an appeal in such cases.
The question, as to what acts are administrative, and necessary to the preservation of the property, is, in a large measure, dependent upon the particular facts of each case; and when that which has been done is of such value that not to carry it to completion would entail great loss and be a waste, the preservative acts contemplated by the statute cited permit of the work being completed, so as not' to lose what has been done. Thus, it was said in Blaise v. Security Brewing Co., 124 La. 979, 50 South. 816:
“The acts of administration necessary for the preservation of property vary, more or less, with the character of-the property. Thus, for the preservation of a going sugar plantation, it may be necessary to grind the cane, or even to plant and grind it; and for the preservation of property consisting of a going hotel it would seean to be necessary to keep it open ‘ to guests.”
The suspensive appeal, mentioned, has been decided favorably to the corporation. In other words, it has been decided that there were no lawful grounds for the appointment of a receiver. The effect of that decree is necessarily to end the receivership. The additional question, therefore, arises, in view of the fact that the receivership was provoked without legal cause: Who is liable, in the first instance, for its debts, the corporation, or the one who provoked the receivership'? It is not debatable that those debts must be paid. The answer is that they must be paid by the corporation, for those dealing or contracting with the receivership dealt or contracted with it through the receiver, and they have the right to look to it for payment. The law, in permitting acts of administration, for the preservation of the property of the corporation, to be performed by the receiver, during the pendency of a suspensive appeal from the judgment appointing such an official, necessarily contemplates that the judgment appealed from may be reversed, otherwise the appeal would be a useless thing. It also' necessarily contemplates that in performing the acts of administration, debts may be contracted. - It therefore necessarily contemplates that debts so contracted, whether the judgment should be affirmed or reversed on appeal, should be paid by the corporation directly or through its receiver. In the event the judgment is reversed, the receiver still owes an accounting, and in rendering the account, debts due by the receivership should be placed on the account, and their payment ordered. In other words, the receivership should be closed in an orderly manner. It had an existence, pending the suspensive appeal, which the law recognizes. That existence, such, as it was, during that time, was not dependent upon the affirmance of the judgment. Speaking generally, doubtless the corporation has its recourse against the one provoking the receivership for such debts -as were occasioned by that act, which it may have to pay, for the corporation should not be made to suffer by the act of another, not supported by law.
*55 Taking up for consideration, therefore, each item opposed, and among them, first, the receiver’s fees, it should be said that they are opposed not only upon the ground that they are for services rendered pending a suspensive appeal, but also upon the ground that the receiver was negligent, inexperienced, and incompetent. Since the filing of the present account, he has filed for the second quarter of his administration an account for that period, in suit entitled Firmin Reynaud v. Uncle Sam Planting & Manufacturing Co., 92 South. 733,[1] and bearing the number 24,428 of the docket of this court. The record in the present case has been made a part of the record in the latter. In that case, which is this day decided, there is evidence tending to show that the receiver was negligent in the administration of his trust, especially in the threshing of the rice crop. It shows, chiefly, that he used a defective thresher, in discharging that duty, during the greater portion of the threshing season; but it does not appear, even approximately, what percentage of rice was lost, nor is its value shown. • This evidence is important in determining the effect of the receiver’s act in using a defective thresher, and therefore the right of the receiver to compensation, and the amount thereof. Besides, under .the circumstances, the question here presented, as to the receiver’s negligence and ineompeteney, and therefore his right to compensation, can be more correctly determined, when his final account is filed. Then, his administration may be viewed in its entirety. Therefore, in order to do full justice to the parties to this litigation, we have concluded to nonsuit the item for compensation, and let it be presented in the final account.
The items in favor of the receiver for his traveling expenses are also opposed. As these are intimately connected with the item for his compensation, they also should be non-suited, so that they may be presented when his final account is filed.
The opposition to the item for auditing the books of the corporation, in our view,, is not well grounded. Under the circumstances, , it was proper that this work should be done. It was authorized by an order granted upon a petition addressed to the court, by the receiver, representing that the audit was necessary in order to complete the inventory of the effects of the corporation. The taking of such an inventory was proper. The petition disclosed that an emergency existed, calling for immediate action; and the court, so finding, granted the order immediately, and without causing to be entered in the receivership book notice of the application and without waiting 10 days from such entry before acting; This, the court was authorized to do by section 8 of Act 159 of 1898. Under section 7 of the same act, the court had express power to order the audit, and it does not appear to us that it abused its discretion in ordering it. There is no question raised as to the amount allowed, the only question being as to the necessity for the audit.
Eor the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be amended by dismissing as of nonsuit the items on said account for the compensation of the receiver for his services as such, and for the reimbursement of his .traveling expenses, that they may be presented in the final account of his administration; and, as thus amended, that said judgment be affirmed, appellee -to pay the costs of appeal.
O’NIELL, J., is of the opinion that the judgment should be affirmed without amendment.
ST. PAUL, J., concurs in the decree.
LECHE, J., takes no part.