## In re HAMMOND MOTORS CO., Inc.

(District Court, E. D. Louisiana. July 3, 1926.)

No. 3095.

**1. Bankruptcy ⬥20(2).**

Under Act La. No. 159 of 1898, receiver, pending suspensive appeal from order appointing him, is in such actual possession of property as would preclude possession by trustee in bankruptcy proceedings filed thereafter.

**2. Bankruptcy ⬥20(2).**

By failure of creditors to act by involuntary proceedings in bankruptcy within four months after appointment of receiver, jurisdiction of state court became fixed, and was not subject to interference.

**3. Bankruptcy ⬥43.**

Officers of insolvent corporation *held* estopped by receivership proceedings pending in state courts from filing voluntary petition in bankruptcy, since property was in custody and control of state court at such time.

In Bankruptcy. In the matter of the bankruptcy of the Hammond Motors Company, Incorporated. On petition for review of an order by the referee. Order of referee recalled and avoided, adjudication of bankruptcy annulled, and petition dismissed.

St. Clair Adams, of New Orleans, La., for trustee.

B. M. Miller, of Boyalusa, La., and A. S. Burns, of Ponchatoula, La., for Merchants' & Farmers' Bank & Trust Co.

BURNS, District Judge. The petition here is for a review of an order by the referee, dated June 7, 1926, requiring the Merchants' & Farmers' Bank & Trust Company, of Ponchatoula, La., as receiver, and the Citizens' National Bank, of Hammond, La., to pay over to T. J. Bartlette, Esq., trustee herein, the sums of $7,307.07 and $8,595.26, respectively, less $737.26 paid by the latter for state, parish, and city taxes. The order complained of followed the hearing of a rule brought by the trustee, which was made absolute.

From the record it appears that on or about November 25, 1924, the Hammond Motors Company, Incorporated, being insolvent, or at least unable to meet its obligations as they matured, sold its entire assets, consisting of a Ford agency and automobile supply business, for some $15,902.33, to Messrs. Fagin and Cassidy, who took the business over under the name "Hammond Motor Sales Company."

The sale being so made of an entire stock in trade, and the financial embarrassment of the vendors being disclosed, the parties vendor and vendee arranged to notify the creditors of the sale, and to deposit the price in escrow in bank, pending the delay prescribed by the Bulk Sales Law, Act 114 of the Louisiana General Assembly of 1912. The Citizens' National Bank of Hammond was selected as depositary, and a special deposit of the price made in the name of "Hammond Motors Co.—In Escrow."

When the delay for creditors' objections to the sale had elapsed, and before the fund could be distributed by suitable checks payable to the creditors of the Hammond Motors Company, the Merchants' & Farmers' Bank & Trust Company, as a creditor for some $5,000, filed suit in the Twenty-First judicial district court for the parish of Tangipahoa, praying for the appointment of a receiver and for an injunction restraining the said company from paying out the money deposited in escrow in the Citizens' National Bank.

The entire assets of the Hammond Motors Company consist of the proceeds of the sale of its business so deposited in the Citizens' National Bank. Upon a hearing, December 15, 1924, the state court appointed the plaintiff, Merchants' & Farmers' Bank & Trust Company, receiver. The Hammond Motors Company, defendant, forthwith took a suspensive appeal to the Supreme Court of Louisiana from both the order appointing a receiver and the judgment allowing a writ of injunction.

By the terms of Act No. 159 of the General Assembly of Louisiana for the year 1898, the effect of that appeal, when perfected, was to suspend the administration of the receiver, except as to the performance of such administrative acts as might be necessary for the preservation of the property.

No involuntary proceedings were brought on behalf of creditors after the appointment of the receiver, nor was the receiver appointed on a voluntary application by the corporation to the state court. On the contrary, this proceeding was had contradictorily, and prosecuted on appeal, as stated. There is, therefore, presented a case in which a great degree of forbearance should be exercised by a court of bankruptcy toward a state court, vested with the possession and control of property, where its jurisdiction first attached. Covell v. Heyman, 111 U. S. 182, 4 S. Ct. 355, 28 L. Ed. 390.

The jurisdiction of the state court having attached, the property of the defendant corporation was brought under its control. The only necessary administration by the receiver in this case was payment of certain state, parish, and city taxes, under an order of that court. The Hammond Motors Company, Incorporated, though a party to the pending proceedings in the state court, assumed to file a voluntary petition in bankruptcy, and obtain an adjudication on January 27, 1926, out of which the present controversy grew between the trustee and the two banks, one as such and the other as both a creditor and receiver.

The trustee's contention before the referee, who sustained him, and which he repeats here, is to the effect that possession of the bankrupt's property had never passed to the receiver in fact; that he only took possession of part of the property after the adjudication, and after demand was made by the trustee for possession; that the other part was misapplied as an alleged set-off by the Citizens' National Bank to the payment of an alleged debt due it, notwithstanding the deposit was made in escrow, and was therefore a trust fund, not susceptible of such set-off; that this breach of trust and other acts done by the Merchants' & Farmers' Bank & Trust Company, as receiver, and the Citizens' National Bank, were in effect fraudulent and collusive, inasmuch as the stockholders, and particularly the president, one H. P. Mitchell, were identical in each of the two banks, although these were separately incorporated and located in different towns in Tangipahoa parish.

[1] As to the first contention that the receiver was not in actual possession of the property, I am persuaded that the trustee is in error. (The other contentions made involve mere alleged irregularities in administration and procedure, the correction of which will follow in due course thereof.) The state district court became vested with control of such

right, title, or interest as the defendant corporation may have had by its judgment and order. From this it followed as of course that it had authority in all ancillary proceedings that might have been necessary to preserve the property, place it in the actual possession of its receiver, and otherwise control its limited administration, pending appellate proceedings, as contemplated by the state statute, and ultimately to dispose of all questions, legal or equitable, that might grow out of the proceedings.

[2] The Receivership Act (No. 159 of 1898, § 4), under which the proceedings were brought, as construed by the Supreme Court of Louisiana in Reynaud v. Uncle Sam Planting Co., 152 La. 50, 92 So. 731, specifically prescribes that the receivership subsists pending a suspensive appeal, and that such existence continues independently of the ultimate affirmance or reversal of the judgment appointing the receiver, who continues to function, though his general administration is suspended, and that the property is effectually in the control of the court first seized of jurisdiction, as fully as if no appeal was taken. By the failure of the creditors to act by involuntary proceedings within four months after such appointment, the jurisdiction of the state court became fixed, and is not subject to interference. Randolph v. Scruggs, 190 U. S. 533, 23 S. Ct. 710, 47 L. Ed. 1165.

[3] My conclusion is that the officers and directors of the Hammond Motors Company, Incorporated, were effectually estopped by the proceedings pending in the state courts from assuming to file a voluntary petition in bankruptcy; that the property they sought to surrender in bankruptcy upon a voluntary petition was beyond their control, and in the custody and control of the state court, when they pretended to make surrender; that there was, moreover, no necessity for an adjudication in bankruptcy. They had no authority to intermeddle with the property or attempt to surrender it. In the case entitled In re Fromherz (D. C.) 271 F. 788, Judge Foster was confronted with a very similar situation as that presented here. Part of his opinion might well be adapted to this case:

"The state court undoubtedly had jurisdiction to appoint a receiver on the case presented to it under the law of Louisiana. See section 18 of Act 267 of 1914 and Act 159 of 1898. The irregularities complained of are not sufficient to render the judgment wholly void, and it is elemental that the judgment cannot be collaterally attacked. Had the previous appointment of a receiver been

known, no receiver would have been appointed in this court, not only through comity, but also because unnecessary.

"The question remains: Could the directors of the company make a surrender in bankruptcy after the appointment of a receiver? It seems to me this question should be answered in the negative. The appointment of a receiver certainly took the custody and control of the assets out of the corporation and its officers, so there was nothing to surrender. It is also the general rule that the appointment of a receiver over a corporation is equivalent to a suspension of its corporate functions and an injunction to its agents and officers from intermeddling with its property. See High on Receivers (4th Ed.) par. 290."

Accordingly the order of the referee will be recalled and avoided, the adjudication in bankruptcy annulled, and the petition dismissed.