(124 So. 827)

No. 28961.

**UNCLE SAM PLANTING & MFG. CO. v. REYNAUD.**

Oct. 8, 1929.   Rehearing Denied Nov. 4, 1929.

P. M. Lambremont, George Seth Guion, and Dart & Dart, all of New Orleans, for appellant.

Charles T. Wortham, of Donaldsonville, for appellee.

OVERTON, J. It will give a clearer idea of the issues presented in this case to state briefly some of the history of the litigation and refer to the decisions of this court, touching the matters here involved, antedating the present litigation, before taking up for consideration the issues presently presented.

The first suit filed was in 1919. That was a suit brought by the present defendant against the present plaintiff for the appointment of a receiver. This suit resulted in the appointment of a receiver by the trial court. The receiver immediately took charge of the property of the Uncle Sam Planting & Manufacturing Company, intrusted to his care, and began administering it; the corporation, at the same time, appealing to this court from the judgment appointing a receiver.

When the receiver filed his first two quarterly accounts, plaintiff and certain of its stockholders filed oppositions to them. These oppositions were defeated, save to a comparatively limited extent. Reynaud v. Uncle Sam Planting & Manufacturing Co., 152 La. 50, 92 So. 731; Id., 152 La. 57, 92 So. 733.

When the appeal from the judgment appointing a receiver reached this court, the judgment appointing him was reversed, because it was found that the record did not justify the appointment of such an official. Reynaud v. Uncle Sam Planting & Mfg. Co., 152 La. 811, 94 So. 405. This judgment was rendered on the same day as the two preceding judgments, and became final, by the refusal of a rehearing, on November 27, 1922.

While the appeal for the appointment of a receiver was still pending, a mortgage creditor of defendant foreclosed a mortgage against plaintiff's plantation, granted prior to the appointment of a receiver; the foreclosure taking place approximately eighteen months before this court reversed the judgment of the trial court appointing the receiver.

After this court had rendered judgment annulling the decree of the trial court appointing a receiver, and rejecting the plaintiff's demand for such appointment, no efforts were made by plaintiff to resume possession of its property, but plaintiff and its stockholders permitted the receiver, by their failure to act, to continue in possession until June 25, 1924, when the receiver filed his final account. During that period the receiver actively prosecuted claims and suits for the benefit of the corporation and collected some $46,320.62 for its account. See Reynaud v.

Uncle Sam Planting & Mfg. Co., 158 La. 1083, 1090, 105 So. 72.

Besides the foregoing litigation, the receiver was involved in a suit concerning the surrender of a lease on a rice plantation (see Jacob v. Roussel, 156 La. 171, 100 So. 295), and, in addition thereto, plaintiff, following the reversal of the decree appointing a receiver, brought suit, for a large amount, against Reynaud, who initiated the receivership proceedings, for damages flowing from the appointment of a receiver. See Uncle Sam Planting & Mfg. Co. v. Reynaud et al., 157 La. 955, 103 So. 276. The case last cited plays a special part in the present litigation, and therefore the issues there involved will be mentioned more at length later in this opinion.

The present suit was brought by the Uncle Sam Planting & Manufacturing Company against Firmin Reynaud, who provoked the appointment of a receiver for plaintiff, which appointment was later annulled by this court on appeal, to hold Reynaud responsible for all the costs, expenses, fees, charges, and allowances of the receivership, paid by the receiver out of plaintiff's assets, which plaintiff deemed recoverable. The suit was originally instituted for $24,700.93, but at the trial plaintiff abandoned a number of its claims, aggregating $7,004.79, leaving in controversy $17,696.74. This balance was further reduced by the trial court to $9,063.04. Plaintiff has answered the appeal praying that the judgment be increased to $17,696.74, less certain amounts, which it abandoned after the appeal.

The suit is based on Act No. 117 of 1916, amending and re-enacting Act No. 159 of 1898, regulating the practice of appointing re-

ceivers for corporations, and especially on the last proviso of section 2 of that act, reading as follows: "Provided, that if the minority stockholder or stockholders shall unsuccessfully prosecute their cause for the appointment of a Receiver, he or they shall not only be condemned to pay the cost of the proceedings, but shall be further condemned to pay reasonable counsel fees, and other reasonable expenses to the corporation or the stockholders on whose action, joint or several, the complaining stockholder bases his claim for relief, and those made the defendants in the cause for the appointment of a Receiver, may demand a reasonable bond to protect them for their costs, attorney's fees and disbursements." The object of this suit, as stated, is to recover these expenses, which were paid by the receiver out of the corporation's assets.

In the lower court, defendant filed an exception of no right or cause of action, pleas of abandonment and res judicata, and an answer denying all liability. The exception and the pleas were overruled, and, as stated, judgment was rendered against defendant for the sum of $9,063.04. The defendant, in this court, still insists on the exception, pleas, and answer filed below, and has here filed an additional exception, consisting of the prescription of one year, established by article 3536 of the Civil Code, governing the prescription of actions arising ex delicto.

■ This action, however, is not one ex delicto. It is one, arising ex contractu. Plaintiff, when he instituted suit for the appointment of a receiver, is deemed as having bound himself to pay the expenses provided for by Act 117 of 1916. In fact, he furnished, when called upon to do so, the bond that may be required under that act of those provoking the appointment of receivers, for the pur-

pose of securing the payment of the expenses allowed by the act,° and in this instance the action is not only on the implied obligation to pay, but on the bond, although the amount sued for is much larger than the amount of the bond. That such an action is one ex contractu, and not ex delicto, is made clear by the following authorities: Biggs v. D'Aquin Bros., 13 La. Ann. 21; Brigham, Curator, v. Bussey, 26 La. Ann. 676; Fox v. Thibault, 33 La. Ann. 32; St. Geme v. Boimare, 117 La. 232, 41 So. 557; Rees v. Sheridan, 135 La. 7, 64 So. 923. Since the action is one ex contractu the prescription of one year is not applicable.

■ The exception of no right or cause of action has for its basis the proposition, to quote from defendant's brief, "that a plaintiff in any action is ordinarily subject to no liability other than statutory costs, and that any other or further liability must be the subject of special statutory provision." It is the contention of defendant, under this exception, that the language of the last proviso in section 2 of Act No. 117 of 1916, quoted above, limits the liability of the unsuccessful plaintiff in a suit for the appointment of a receiver to the costs of the proceedings, reasonable counsel fees, and other reasonable expenses incurred in the litigation for the appointment of a receiver. As we appreciate defendant's position, it is that he is not liable for the reasonable expenses incurred after the appointment of the receiver by the trial court, pending the appeal, including any of the expenses of the administration of the receiver during that period, and those following the appeal up to the time the property of the corporation was redelivered to it, although he provoked the appointment of the receiver, and the judg-

ment appointing him was reversed on appeal, and the demand for his appointment rejected.

Defendant relies strongly on Uncle Sam Planting & Mfg. Co. v. Reynaud, 157 La. 955, 103 So. 276, supra, to maintain his position. That was a suit to recover of the present defendant damages for erroneously provoking the appointment of a receiver. The complaint there, by the present plaintiff, was that a mortgage creditor, prompted by fear that the security he held would be endangered by the receivership proceedings, caused his mortgage to be foreclosed, the foreclosure resulting in the sacrifice of the property for much less than its inventoried value, and that the receiver surrendered a valuable farm lease, held by the corporation, to the latter's prejudice. The object of the suit was to recover the inventoried value of the property mortgaged and surrendered to the receiver, the value of the lease surrendered, and $10,000 attorney's fees for ultimately defeating the receivership proceedings. The court allowed the attorney's fees, in part, but rejected the demand for damages for the inventoried value of the property and the surrender of the lease. The court, in rejecting these items, said: "It would practically amount to a denial of the right to apply for the appointment of a receiver to hold a plaintiff responsible for all the eventual consequences of an appointment by the lower court subsequently reversed on appeal." The theory of that case is that the unsuccessful plaintiff in a suit for the appointment of a receiver is liable to the corporation only for such damages as are allowed by statute, the court distinctly saying that the full measure of an unsuccessful plaintiff's liability in such a suit is the liability fixed by the statute. As the damages, re-

sulting from the foreclosure sale and the surrender of the lease, did not come within the damages fixed by the statute, they were not allowed. In the present case, to say the least, there are many items, sued for, that clearly come within the statute. In our view the exception of no cause or right of action was properly overruled.

■ The exception of abandonment rests upon the failure of the plaintiff to include in the suit of Uncle Sam Planting & Mfg. Co. v. Reynaud, 157 La. 955, 103 So. 276, 277, reviewed by us in passing upon the exception of no cause of action, the claims, here sued on, together with the claim for attorney's fees, expended by plaintiff to defeat the receivership proceedings, there included. In other words, defendant's contention is that, as the claim for attorney's fees was included in the case, just cited, the failure to include also in that suit the claims presently sued on, growing out of the same receivership, operated as an abandonment of the latter claims, on the theory, as provided by article 156 of the Code of Practice, that "if one demand less than is due him, and do not amend his petition, in order to augment his demand, he shall lose the overplus." Plaintiff's action is based upon numerous items, sufficiently distinct from the attorney's fees, claimed in the suit mentioned above, to call for a ruling that the action cannot be said properly to rest on a part of the same debt that the action for the attorney's fees rested upon. The article of the Code of Practice relied upon is directed against the division of the same debt, without the debtor's consent, and the institution of separate suits thereon. In re Dimmick's Estate, 111 La. 655, 35 So. 801. Moreover, it is difficult to see how plaintiff could have included his present action in the case

reported in the 157th Louisiana Reports, for the theory of the two suits, at least in the major parts, is so unlike. We think that the plea of abandonment was correctly overruled.

■ Defendant, in connection with the plea of abandonment, also pleads res judicata, relying upon the case of Uncle Sam Planting & Mfg. Co. v. Reynaud, 157 La. 955, 103 So. 276, supra, and upon the case of Reynaud, v. Uncle Sam Planting & Mfg. Co., 158 La. 1083, 105 So. 72, supra, to support the plea. However, the cases cited are not res judicata as to the present demand. The authority of the thing adjudged takes place only with respect to what was the object of the demand. The thing demanded must be the same and the demand must be based on the same cause of action. "The doctrine of the common law courts that res judicata includes not only everything pleaded in a cause, but even that which might have been pleaded, does not obtain generally under our system." Woodcock v. Baldwin, 110 La. 270, 34 So. 440. See also Scovel v. Levy's Heirs, 118 La. 982, 43 So. 642; Soniat v. White, Tax Collector, 155 La. 290, 99 So. 223. In the first case relied on as constituting the thing adjudged, that is, in the one reported in 157 La. 955, 103 So. 276, no part of the present demand is included. Hence that case does not operate as res judicata here. The only connection the second case relied on as constituting the thing adjudged, that is, the case reported in 158 La. 1083, 105 So. 72, has with the present case, is that both that case and the present one contain demands against the present defendant for the salaries of the receiver, and his attorneys, instituted by the present plaintiff. In the case relied on, as constituting the thing adjudged, an effort was made by the present plaintiff to have the salaries of the re-

ceiver and his attorneys taxed as costs against the present defendant. The court did not regard these expenses as costs in any proper sense, nor did it find anything in the law authorizing it to so tax them. The court therefore refused to tax them as costs. In the present case, the demand, so far as relates to these expenses, is not to have them taxed as costs, but to recover them as expenses, paid out of the funds of defendant, on the theory that, since defendant, without lawful cause, provoked the receivership, he should pay the corporation these expenses, which he cast upon it, under the provisions of Act No. 117 of 1916. The cause of action to have these expenses taxed as costs is different from the cause of action here presented. The plea of res judicata was properly overruled.

In passing upon the merits of plaintiff's demand, the trial court allowed some of the numerous items sued upon and rejected others. No written reasons were assigned for the judgment, and therefore it is, at least to some extent, a matter of surmise as to which items were allowed by the district court and which disallowed. Defendant has inserted in his brief a statement of the items which he considers the court allowed. The sum of the items contained in this statement is $9,063.04, which is also the amount allowed by the trial court. Plaintiff, in a supplemental brief, practically concedes that this statement correctly shows the items allowed by the trial court. Be that as it may, however, the statement will be of considerable service in disposing of this case, and in all likelihood it correctly reflects the items allowed by the trial court in every detail. The statement is as follows, the lettering in it referring to the lettering of the items in plaintiff's petition:

| | |
|---|---:|
| 1. (c) (d). Appraisers' fees on the inventory taken by the receiver under order of court, at the beginning of the receivership ................................. $ | 40 00 |
| 2. (e). Costs paid by the receiver to the clerk of the district court................ | 526 70 |
| 3. (f). Costs paid by receiver to Reynaud, Feb. 16, 1922............................... | 663 60 |
| 4. (g) (h) and (i). Court costs paid by receiver during the receivership in connection with his several accounts...... | 172 75 |
| 5. (j) (k) (l) and (m). Court Stenographer's fees paid by receiver for reporting evidence on matters connected with the oppositions to the receiver's accounts ................................... | 377 55 |
| 6. (n) and (o). Witness fees and expenses in same matter........................... | 19 18 |
| 7. (p). Notarial fees for inventory, (see 1 and 2 hereof).............................. | 400 00 |
| 8. (q) and (r). Receiver's expenses of experts preparing his final account....... | 350 00 |
| 9. (s). Expenses of audit of books and accounts of receivership................ | 573 56 |
| 10. (t). Expense of audit of books of the corporation ordered by the court........ | 474 55 |
| 11. (u) (v) (w). Costs of printing briefs for Supreme Court paid by receiver on plaintiff's appeals from judgments on oppositions to his several accounts...... | 105 50 |
| 12. (x) (y) (z). Attorney's fees to Guion & Lambremont for professional services to receiver in 1920, 1921, 1922, 1923, 1924, and 1925 ................................... | 4,859 90 |
| 13. (ggg). Expenses paid by plaintiff corporation for costs of Supreme Court on three appeals from judgments homologating receiver's accounts............. | 75 00 |
| 14. (iii). Expenses of plaintiff printing briefs in the receivership case......... | 63 50 |
| 15. (jjj) (kkk) (lll). Expense of plaintiff printing briefs in Supreme Court on appeals by it from judgments on its oppositions to receiver's several accounts ................................... | 168 75 |
| 16. (mmm) (nnn) and (ooo). Costs paid by plaintiff corporation to clerk of district court for transcripts of appeal from judgments homologating receiver's several accounts ............................. | 192 50 |
| Total ........................................ | $9,063 04 |

In the foregoing schedule, we think that item No. 5, amounting to $377.55, for stenographer's fees in connection with the oppositions to the receiver's accounts, should not be allowed plaintiff. The oppositions to these accounts were provoked by plaintiff, and were unsuccessful, except as to certain items on the first and second accounts, as to which

judgments of nonsuit were rendered, with reservation to present the nonsuited items on the final account to be filed. The opposition then urged to these items was, however, abandoned, when the final account was filed. Therefore, upon the whole, it may be said that plaintiff's oppositions to those accounts were unsuccessful. The cause for the litigation having proved to be unfounded, plaintiff should not be permitted to recover this item, for to permit recovery thereon would be to permit one to mulct the unsuccessful applicant for the appointment of a receiver in heavy costs by unfounded litigation. Such was not contemplated by section 2 of Act No. 117 of 1916. For the same reason we think that item No. 6, relative to witness fees and expenses in the same matter, should not be allowed; also item No. 11, amounting to $105.50, for the printing of briefs for the Supreme Court, paid by the receiver on plaintiff's appeals from judgments on plaintiff's oppositions to the receiver's several accounts; also item No. 13, amounting to $75, for expenses paid by plaintiff for costs of Supreme Court on three appeals from judgments homologating the receiver's accounts; also item No. 15, amounting to $168.75, for plaintiff's expense in printing briefs in support of the appeals on those oppositions; and also item No. 16, amounting to $192.50, for costs paid by plaintiff to the clerk of the district court for transcripts of appeal from judgments homologating the receiver's several accounts, should be rejected.

■ Items 1, 7, 8, 9, 10, and 14, of the foregoing schedule, amounting to $1,901.61, should be allowed in full. These items represent costs and expenses incurred, without fault on the part of plaintiff, by defendant in erroneously provoking the appointment of a receiver, and were paid by the receiver out of the assets of plaintiff, and therefore defendant should be reimbursed them, under section 2 of Act No. 117 of 1916.

■ Item No. 12 consisting of items (x), (y), (z), as shown in the petition, for attorney's fees for the years 1920, 1921, 1922, 1923, 1924, 1925, paid by the receiver out of the assets of plaintiff, should be allowed in part and remanded in part for further proceedings. Plaintiff is entitled to recover the attorney's fees paid out of its assets up to the time the judgment of this court became final, reversing the judgment of the lower court, appointing a receiver, which was November 27, 1922, and for an amount equal to the value of the services performed and so paid in filing the final account, but for nothing paid beyond. Plaintiff is entitled to recover of defendant to the extent stated, because plaintiff should not be required to suffer the loss of this amount, paid out of its assets, as the receivership was provoked by defendant without sufficient cause. But beyond that extent plaintiff is not entitled to recover, because, as pointed out in Reynaud v. Uncle Sam Planting & Mfg. Co., 158 La. 1083, 105 So. 72, after this court had set aside the judgment appointing a receiver, plaintiff took no steps to resume possession of its property, but tacitly permitted the receiver to continue his functions for more than two years thereafter. By so doing, plaintiff placed the receiver much in the position of its own agent, and therefore should not be permitted to recover the attorney's fees, paid during that period. The record makes it sufficiently clear that plaintiff is entitled to recover that part of the foregoing item, designated in its petition as "(x)," amounting to $1,734.90, for attorney's fees, paid out of its assets, by the receiver for the year 1920, but it is impossible to tell from the record what part of the balance is due and what part not due, for it is impossi-

ble to ascertain what part was incurred before the appointment of a receiver was vacated by this court and what part afterwards, and what is a reasonable compensation for filing the final account.

Item 2 of the foregoing schedule, designated in the petition as item "(e)," which is for costs paid by the receiver to the clerk of the district court, should also be remanded for further proceedings, as should also item 3 of that schedule, designated in the petition as "(f)," which is for costs paid by the receiver to Reynaud, on February 16, 1922, as should also item 4 of that schedule, which is designated in the petition as items "(g), (h), and (i)," being for court costs paid by the receiver. It is impossible to say from the record whether these costs were incurred in the unsuccessful attacks on the receiver's accounts, or in the suit for the appointment of a receiver, or what gave rise to them. If they were incurred in unsuccessful attacks on the receiver's accounts, plaintiff is not entitled to recover them. If they were incurred in the prosecution of the suit for the appointment of a receiver, plaintiff was awarded judgment for them against defendant by this court in the decree, rejecting the application for the appointment of a receiver, and casting the costs of that proceeding upon the present defendant, and plaintiff should not be permitted to recover judgment for them a second time. If some other cause gave rise to them, it will require proof to show it.

■ The foregoing disposes of the items apparently allowed by the lower court and set forth in the schedule given above. Plaintiff, in its answer to the appeal, has asked that the judgment of the trial court be amended so as to allow it all that it sued for, except certain items abandoned. We think that the trial court erred in rejecting absolutely plaintiff's claim for reimbursement for $7,100 for compensation received by the receiver for his services as such, for the years 1920 to 1925, inclusive. The claim should have been nonsuited. The receiver was not placed in charge at plaintiff's instance, but over its opposition. Plaintiff is entitled to recover of defendant the amount so received by the receiver, out of its assets, up to the time the judgment appointing the receiver was vacated by this court, but not beyond that period, for the reasons heretofore given as to the allowance in part and disallowance in part of attorney's fees. The record, however, is too vague as to this item to permit the fixing of the amount due. As the case will have to be remanded as to other items, we shall not nonsuit this item, but will remand the case for the making of the required proof and the rendition of judgment on the item under consideration.

As to the remaining items sued for, we find no error in their rejection. The item of $150, paid by the receiver for the transcript of appeal in the receivership case, was necessarily included in the judgment for costs awarded plaintiff against the present defendant, by this court, in the suit rejecting the application for the appointment of a receiver, and plaintiff is not entitled to recover judgment for them twice.

For the reasons assigned the judgment appealed from is amended by reducing it from $9,063.04 to $3,636.51, also by remanding the case as to items 2, 3, 4, and as to that part of item 12, for attorney's fees, not herein allowed, that is, for attorney's fees paid counsel for the receiver for the years 1921 to 1925, inclusive, said items being of the foregoing schedule or statement, set forth in the premises, and also the claim for $7,100 for compensation received by the receiver, for

further proceedings, and for judgment thereon consistent with the views herein expressed, and, save as herein altered, the judgment appealed from is affirmed; plaintiff to pay the costs of this appeal.