In re HOLLYWOOD BOND & MORTGAGE CO.

No. 968.

District Court, S. D. Florida.
April 15, 1931.

256

John W. Whelan, of Hollywood, Fla., for bankrupt.

Ella J. Stollberg and C. H. Landefeld, Jr., both of Hollywood, Fla., for intervening creditors.

RITTER, District Judge.

On November 28, 1930, a petition in voluntary bankruptcy was filed by the Hollywood Bond & Mortgage Company; said petition showing that the company had liabilities of $47,554.76 and assets of $37,594.84, and that the directors had passed a resolution, a copy of which is attached to the petition, stating that the company is insolvent and unable to pay its debts, and directing that a petition in bankruptcy be filed on its behalf by C. R. Gilliland, its vice president.

On the next day, adjudication in bankruptcy was made and the same was referred to the referee, and thereafter, upon due procedure, a trustee in bankruptcy was appointed. The petitioners here present the fact that on the 3d day of April, 1930, a bill of complaint was filed in the circuit court of the Twenty-Second judicial circuit in and for Broward county, state of Florida, by Charles Erickson, one of the petitioners and movants, against Hollywood Bond & Mortgage Company and others, as a stockholder for and in behalf of all stockholders, setting up misconduct and fraud on the part of the officers and directors of the company in conducting its affairs, asking for an accounting, for the appointment of a receiver, an injunction restraining the officers and directors from acting for the administration of the assets of the said company, and sale and distribution of the proceeds of the stockholders and creditors, and that said corporation may be dissolved by order of the court. A temporary receiver was appointed by said state court, but an appeal was taken from such appointment to the Supreme Court of the state of Florida, and a supersedeas bond was posted and a supersedeas was made effective pending said appeal. The said receiver never took possession of any of the property of the said company. Thereafter the Supreme Court of the state of Florida, 130 So. 281, affirmed the action of the lower court in the making of a temporary appointment of said receiver. The bankruptcy petition in this cause being filed, the state receiver never had in his possession prior to the filing of the bankruptcy petition any property whatsoever of the bankrupt company. It is asserted that under these circumstances the plaintiff should not have been adjudged a bankrupt in this court, and the petition should have been dismissed because the state court receiver had possession of the property or was entitled to the possession of the property and to carry through the administration of the company's effects, and this court should not interfere therewith.

I do not find that in the state of Florida there is any law permitting a state court to dissolve a corporation, as applied for in the bill of complaint aforesaid. The general rule is that, unless by statutory authority a court has no power to dissolve a corporation. The statute in the state of Florida, section 6023, Compiled General Laws of Florida 1927, permits three or more creditors or stockholders of a corporation the right to petition for a receiver, but said statute was not

invoked in the state court, evidently because the action was brought by one stockholder for the appointment of a receiver.

The effect of a supersedeas in the state court proceedings is set forth in Continental National Building & Loan Association et al. v. Scott, 41 Fla. 421, 27 So. 726, a Florida case. The law is there established that in the state of Florida, where an appeal is ordered to act as a supersedeas, "such supersedeas does not have the effect of discharging the receiver, but simply suspends his authority as such pending the supersedeas. Such supersedeas suspends the decree appointing him as receiver, and makes it his duty at once to cease all action as receiver, and to restore the properties that have come to his hands as such to the possession of the party from whose custody they were taken by the decree superseded." Such being the law of Florida, the receiver of the state court could not have in his possession any of the property of the bankrupt pending the appeal. The title and possession of the bankrupt was not disturbed. The bankruptcy court comes into possession of all the bankrupt's property upon the filing of the petition. Under these circumstances, the petitioners relied upon the case of In re Associated Oil Co., Inc., 271 F. 788, 789, wherein Judge Foster, District Court, held that the bankruptcy court would not act, but would leave the matter in the state court and give possession of the property to the state receiver.

I do not dispute the correctness of the ruling of Judge Foster in this case, but I think the facts in the instant case are very different from the facts upon which Judge Foster acted. In re Beaver Cotton Mills (D. C.) 275 F. 498; Struthers Furnace Co. v. Grant (C. C. A.) 30 F.(2d) 576; In re United Grocery Co. (D. C.) 239 F. 1016. In this Associated Oil Company Case, the bankruptcy schedules showed the assets to be far in excess of the liabilities, and showed that the resolution of the company authorizing the voluntary petition was illegal. In that case also the state proceedings were under certain sections of the Louisiana law which establish a different situation in reference to supersedeas on appeal from the appointment of a receiver than exists in Florida.

In Reynaud v. Uncle Sam Planting & Mfg. Co., 152 La. 50, 92 So. 731, 732, the court says, in reference to an appeal from an order appointing a receiver: "Section 4 of Act No. 159 of 1898 provides that a suspensive appeal may be taken from a judgment appointing a receiver. The effect of such an appeal, as provided by section 4, is to suspend the functions of that official, except such functions as may be necessary to preserve the property of the corporation."

The Florida law goes further and deprives the receiver of all property whatsoever in his possession, and suspends the decree appointing him, while the Louisiana law, it would seem, simply suspends the functions of the receiver, leaving his possessory rights standing until the determination of the appeal, nor are the other facts present in this case which moved the chancellor in the Associated Oil Company Case, to decide that the better justice would be in the recognition of the state receiver and the abandonment of the bankruptcy proceedings. I think this view is borne out further by the decision of Judge Burns in Re Hammond Motors Co., Inc. (D. C.) 13 F.(2d) 901, 902. Judge Burns follows Judge Foster in a case arising under the laws of the state of Louisiana. Judge Burns states: "There is, therefore, presented a case in which a great degree of forbearance should be exercised by a court of bankruptcy toward a state court, vested with the possession and control of property, where its jurisdiction first attached."

Judge Burns specifically discusses the Louisiana law upon which his decision is based, and holds that the receivership subsists pending a suspensive appeal, and that such existence continues independently of the ultimate affirmance or reversal of the judgment appointing the receiver, who continues to function, though his general administration is suspended, and that the property is effectually in the control of the court first seized of jurisdiction, as fully as if no appeal was taken. Therefore the court says, by failure of the creditors to act by involuntary proceedings within four months after such appointment, the jurisdiction of the state court became fixed and is not subject to interference.

The facts and law applicable to the facts in the above decisions in this circuit are quite different, therefore, from those presented to me in the instant case. Here the state receiver never had and could not have possession and control of the property of the bankrupt pending the appeal, and the same was therefore not within the jurisdiction of the state court. The state court had no power to dissolve the corporation, as the proceedings sought, and could only have an accounting as prayed for. The bankruptcy court alone can completely administer the estate and protect

all parties in interest. The Bankruptcy Act (11 USCA) is paramount, and its jurisdiction is exclusive of all other courts. Somewhat similar facts and the decisions of the United States Supreme Court are considered and referred to in the case of In re American & British Mfg. Corp. (D. C.) 300 F. 839, 849. In re Dressler Producing Corporation (C. C. A.) 262 F. 257.

I hold that this court has jurisdiction, and I do not feel that equity would require the relinquishment of bankruptcy proceedings in favor of the state court under the circumstances of this case. I see no reason why there should be any serious conflict. The voluntary petition is regular. It shows insolvency and the consent of the company to be adjudged a bankrupt. A trustee has been elected after adjudication. This court can control the procedure of the trustee and see that the rights of all parties in interest are secured and conserved. This will be done by continuing the state court action to final determination.